THE STATE *ex rel.* CLAY COUNTY v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroad**: PENALTY FOR NOT RINGING BELL: REVISED STATUTES, SECTION 806: PARTY. An action to recover of a railroad company the penalty prescribed by Revised Statutes, 1879, section 806, for not ringing the bell or sounding the whistle of its locomotive at public crossings, as required in said section, held, to be properly brought in the name of the state to the use of the county.

2. ——— : ———. Such penalty may be recovered by indictment or information (R. S., sec. 1674), and the information filed in this case held sufficient.

3. **Constitution**: REVISED STATUTES, SECTION 806. Said section 806 of Revised Statutes, which gives one-half of the penalty therein named to the informer, is not for that reason violative of article 11, section 8, of the constitution, which provides that "the clear proceeds of all penalties and forfeitures, and of all fines collected in the several counties for any breach of the penal or military laws * * * shall belong to and be securely invested, and sacredly preserved in the several counties as a county public school fund."

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

*G. S. Grover* and *D. C. Allen* for appellant.

(1) The state under the statute (R. S., sec. 806), in a *qui tam* action of this character is not a proper party plaintiff. *State ex rel. Wilson v. Dodson*, 63 Mo. 452 ; 2 Bouvier's Law Dic., tit. *qui tam*, 403, and cases cited ; *Butler v. President*, 3 Croke, 256 ; 3 Croke, 336 ; *State v. Bishop*, 7 Conn. 185 ; *Megargell v. Coal Co.*, 8 Watts & Ser. [Pa.] 346 ; *Vandeventer v. Van Court*, 1 Pen. [N. J.] 123 ; 2 and 3 N. J. Law Rep.; *State v. Smith*, 49 N. H. 155 ; *Commonwealth v. Frost*, 5 Mass. 53 ; *Commonwealth v. Howard*, 13 Mass. 222. (2) As one-half the penalty, when recovered, belongs to the county school fund, the county is not a proper party to the suit. R. S. 1879, secs. 7103, 7104, 7105 ; *Cedar County v. Johnson*, 50 Mo. 227. (3) Under this statute the prosecuting attorney, suing *qui tam* for the county school fund, and the informer is a necessary party to the action. R. S. 1879, sec. 806 ; Sess. Acts Mo., 1881, 79. (4) This statute, having created this offence, fixed the penalty, prescribed the method of procedure, and designated the party plaintiff ; no other section of the statutes

can apply to this action, nor is it governed by any of
the common law rules of practice.   1 Chitty on Plead.
[11 Am. Ed.] 112; Sedg. on Const. and Stat. Law, 96;
*Journey v. State*, 1 Mo. 337; *State v. Corwin*, 4 Mo. 609;
*State v. Huffschmidt*, 47 Mo. 73; *State v. Douger*, 49
Mo. 409; *Hudson v. Railroad*, 53 Mo. 525; *Common-
wealth v. Howes*, 15 Pick. 231; *Smith v. Drew*, 5 Mass.
514.   (5) Section 806, and its amendments, ante-dates
all other penal statutes now in force relating to the re-
covery of penalties.from railroad companies, as section
forty-two of the General Statutes, has been omitted
from the revision of 1879, and the other sections of the
statute, relating to penalties, have no application to
actions of this character.   (6) The complaint does not
state facts sufficient to constitute a cause of action.   Sec.
806, *supra;* 1 Chitty on Plead. [11 Am. Ed.] 112;
2 *Ibid.* 13.   (7) Section 806 is in violation of section 8,
of article 11, of the constitution of Missouri.   The pen-
alty created by this statute accrues to the public, as it is
solely a police regulation in which the whole community
are interested, and in which private individuals have no
special interest other than in common with such com-
munity.   To all such penalties, the provisions of the
constitution above cited were intended to apply, and any
statute which diverts a portion of the school fund to in-
dividual use, is in violation of such organic law. *Barnett
v. Railroad*, 68 Mo. 64.

*II. F. Simrall* for respondent.

(1)   The penalty is sued for in the name of the state
of Missouri to the use of Clay county, upon the infor-
mation of the informer, by the prosecuting attorney of
Clay county, Missouri, as required by its statutes.
(*a*) The statute does not declare in whose name the pen-
alty shall be sued for, but imposes the duty of insti-
tuting the suit upon a public officer, viz., the prosecuting

attorney. Hence, the proceeding must be instituted in the name of the state. *Railroad v. Howard*, 38 Ill. 414 ; *Seward v. Beach*, 29 Barb. [N. Y.] 239 ; Kelley's Crim. Law and Prac., p. 69, sec. 124, and authorities cited. Section 1674, of the Revised Statutes of 1879, declares, whenever a fine, penalty, or forfeiture is, or may be, inflicted, by any statute of this state for any offence, the same may be recovered by indictment or information, notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty or forfeiture. Hence, under this section, 1674, and section 806, the penalty for violation of section 806 can be recovered by indictment, information or suit, and as section 806 does not state in terms in whose name suit shall be brought, and as all indictments run in the name of the state, it follows the suit must be brought in the name of the state. *People v. Young*, 72 Ill. 411 ; *Calburn v. Swett*, 1 Metcalf, 232. (b) One-half the penalty goes to the county. The county, under section 806, is made trustee of the school fund ; and one-half of the penalty, when collected, is placed by the proper official to the credit of the school fund. (2) Only a part of the penalty created by section 806 accrues to the public, or county. "The enactment of penal laws, and the imposition of penalties for their violation, is a matter which the constitution has left to the legislature." Such penalties only as the legislature provides shall accrue to the state or public, shall go to the school fund. *Barnett v. Railroad*, 68 Mo. 64. By clear proceeds, as used in the constitution, is meant that part of the penalty which goes to the state. It is no violation of this provision of the constitution that a part of the amount recovered is given to the prosecuting attorney as in case of recognizances, nor that a share of it is given to an informer in order to insure a vigorous prosecution and save the state from costs.

RAY, J.—This was an action instituted and conducted by the prosecuting attorney of Clay county, Missouri, in the name of the state of Missouri, to the use of Clay county, Missouri, and upon the information of one Broadwell, to recover the penalty prescribed by section 806, and the amendments thereto, for a failure on the part of the appellant to ring a bell or sound a whistle at a certain public crossing on the railroad of appellant, in Ray county, Missouri. The proceeding was commenced before a justice of the peace in Clay county, Missouri, where plaintiff had judgment, from which defendant appealed to the circuit court of said county, where plaintiff again had judgment from which the defendant appealed to this court.

The "information" or complaint filed before the justice as a basis of the prosecution, was duly signed by the said prosecuting attorney of Clay county, Missouri, in his official capacity, and was entitled as follows:

"The State of Missouri, to the use of Clay county, Plaintiff, vs. Wabash, St. Louis & Pacific Railway Company, Defendant."

It then commenced as follows: "The said plaintiff, upon the information of Henry Broadwell, a resident and citizen of Ray county, Missouri, complains of said defendant, the Wabash, St. Louis & Pacific Railway Company, and states the following cause of action, to-wit:" And then after stating the facts and averments necessary to show the defendant's liability, under said section 806, Revised Statutes, 1879, it concludes as follows: "Whereby a cause of action has accrued to plaintiff to have and demand of and from defendant, as a penalty for the neglect of the provisions of the said section, the sum of twenty dollars, one-half to be paid to said Clay county, and one-half to said informer, Henry Broadwell, and for which plaintiff asks judgment."

At the trial in the circuit court the defendant resisted a recovery upon the following grounds only: (1) The action was not instituted in the name of the proper party. (2) That section 806 is in violation of section 8, of article 11, of the constitution of Missouri, wherein it provides that one-half of the penalty should go to the informer, whereas the constitution provides that the whole penalty should go to the school fund. The court below found against the defendant on both points, holding that the suit was properly brought, and that the statute in question was constitutional. Under the instructions of the court, the jury found a verdict in favor of the plaintiff for the [amount sued for. No objection is taken to the instructions, or to the admission or exclusion of evidence, and the only points raised in this court as in the court below are: (1) That "the penalty is not sued for by the prosecuting attorney, to the use of Clay county and the informer, as required by the statute." (2) That "Section 806 is in violation of section 8, of article 11, of the constitution of Missouri." The material parts of section 8, article 11, of the constitution, are as follows: " All monies, stocks, bonds, * * * the clear proceeds of all penalties and forfeitures, and of all fines collected in the several counties for any breach of the penal or military laws of the state * * * shall belong to and be securely invested and sacredly preserved in the several counties as a county public school fund, the income of which fund shall be faithfully appropriated for establishing and maintaining free public schools in the several counties of this state."

Section 806, of Revised Statutes, 1879, which is the foundation of this action or prosecution, and alleged by the defendant to be in violation of the foregoing provision of the constitution, is as follows: " A bell shall be placed on each locomotive engine, and be rung at a distance of at least eighty rods from the place where the railroad shall cross any traveled public road or street,

and be kept ringing until it shall have crossed such road or street ; or a steam whistle shall be attached to such engine and be sounded at least eighty rods from the place where the railroad shall cross any such road or street, except in cities, and be sounded at intervals until it shall have crossed such road or street, under a penalty of twenty dollars, for every neglect of the provisions of this section, to be paid by the corporation owning the railroad, to be sued for by the prosecuting or circuit attorney of the proper circuit, within ten days after such penalty was incurred ; one-half thereof to go to the informer, and the other half to go to the county ; and said corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect." The amendment of the last clause of this section by the act of March, 1881, does not affect the question involved and need not be noticed.

Section 1674, Revised Statutes, 1879, is as follows : " Whenever a fine, penalty or forfeiture is or may be inflicted by any statute of this state for any offence, the same may be recovered by indictment or information, notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty, or forfeiture ; provided, that in all cases the fine, penalty, or forfeiture shall go to the state, county, corporation, person or persons to whom the law imposing the same declares it shall accrue." Section 1709, Revised Statutes, 1879, provides that, " If the penalty is given in whole or in part to the state, or to any county or city, or to the treasury thereof, a suit therefor may be commenced by or in behalf of the state, county or city at any time within two years after the commission of the offence and not after." By section 806, suit for the recovery of the penalty thereby imposed must be brought within ten days after such penalty is incurred.

The first point insisted on by defendant's counsel is

that the action or prosecution is not instituted in the name of the proper party. His contention and position, if I understand it, is that the suit should have been instituted in the name of the prosecuting attorney as plaintiff, to the use of Clay county and the informer, as required by section 806, and not in the name of the state to the use of Clay county, as it was. This objection, we think, is not well taken. The purpose of the language used in this section, we are of opinion, was not so much to point out in whose name the suit should be brought as to declare whose official duty it should be to institute and prosecute the action for the recovery of said penalty, leaving the name in which the action should be brought to be determined by other sections of the statute, or the common law, as the case might be. But if we are mistaken in this view, section 1674, Revised Statutes, 1879, *supra*, provides that the penalty in question may be recovered by indictment or information "notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty or forfeiture ; provided that in all cases the fine, penalty or forfeiture shall go to the state, county, corporation, person or persons, to whom the law imposing the same declares it shall accrue." The complaint or statement of the cause of action filed in this case by the prosecuting attorney of the proper county, upon the information of the informer, Broadwell, being in the name of the state, as all indictments and informations are required to be, and specifying, as it does, how and to whom the penalty is to go, as required by section 806, *supra*, is, we think, a good and sufficient "information," within the meaning of section 1674, *supra*. There is, therefore, no error in this particular.

Defendant's second point is that section 806 is violative of section 8, article 11, of the constitution, in that it provides that one-half of the penalty shall go to the informer, whereas, the constitution provides that the

whole penalty shall go to the school fund.   This objection, also, we think, is not tenable.   The provision of the constitution on this subject, as above shown, is that the "clear proceeds of all penalties and forfeitures, and of all fines collected in the several counties for any breach of the penal or military laws of the state (together with the other funds therein specified), shall belong to and be securely invested and sacredly preserved in the several counties, as a county public school fund ; the interest of which fund shall be faithfully appropriated for establishing and maintaining free public schools in the several counties of this state."   It is only the "clear proceeds of the penalties" collected in the several counties for breaches of the penal laws of the state that belongs (with the other funds specified) to the several counties under this constitutional provision.   The legislature, in imposing penalties for violation of its laws, may, in its discretion, for the purpose of securing the enforcement of said laws, the collection of the penalties imposed, and paying the expenses thereof, give a part thereof to an informer, and in such case what is thus realized constitutes the "clear proceeds of said penalties," within the meaning of section 8, article 11, of the constitution, *supra.   Barnett v. Railroad*, 68 Mo. 56.   It follows, therefore, that section 806 is not unconstitutional, as claimed by defendant.

Finding no error in the action and ruling of the trial court, its judgment is, therefore, affirmed.   All concur.