STATE ex rel. CASS COUNTY v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Division One, March 30, 1899.*

1. Appeals: INVOLUNTARY NONSUIT:   APPEAL FROM ORDER SETTING SAME ASIDE.   The defendant has a right to an appeal from an order sustaining a motion to set aside an involuntary nonsuit.

* NOTE.—Decided February 15, 1899. Motion for rehearing filed. Motion overruled March 30, 1899.

State ex rel. v. Mo. Pac. R'y Co.

2. **Railroad**: FAILURE TO RING BELL: PENALTY: OWNERSHIP. Under section 2603, Revised Statutes 1889, providing that a county may recover a penalty from a railroad company for failure to ring a bell or sound a whistle at a highway crossing, it is not necessary to allege or prove that the defendant is the owner of the road, but if it is in exclusive possession of and operating the road in question it is amenable under that statute.

3. ———: ———: ———: KNOWLEDGE OF CORPORATION. The failure of those in charge of the train to sound the whistle and ring the bell, is the failure of the corporation; and it is no defense to the enforcement of the penalty provided by said section, that the defendant company had no knowledge of the failure of its agents to do so.

4. ———: ———: ———: CONSTITUTIONAL. Said statute is constitutional.

5. ———: CORPORATIONS: AGENCY. Where a duty is imposed on a corporation that in its very nature must be performed by a servant not under the immediate eye of its officers, it follows from the necessity of the case that the act of the servant is the act of the corporation, and that the servant is *pro hac vice* the corporation itself.

*Appeal from Cass Circuit Court.*—HON. W. S. BYRAM, Special Judge.

AFFIRMED.

R. T. RAILEY for appellant.

(1) The construction heretofore given section 2608, Revised Statutes 1889, in reference to the penalty of $20, is clearly in conflict with section 8, article XI, of the Constitution of Missouri. Said section 2608, in respect to said penalty, can only be upheld as a "police regulation." Railroad v. Ellis, 165 U. S. 150; Railroad v. Morris, 65 Ala. 493; Railroad v. Moss, 60 Miss. 641; Wilder v. Railroad, 70 Mich. 382; Dibrell v. Morris' Heirs, 15 S. W. 87; Lafferty v. Railroad, 71 Mich. 35; Railroad v. Williams, 49 Ark. 492; Railroad v. Wilson, 19 S. W. 910; Railroad v. Baty, 6 Nev. 37; Millett v. People, 117 Ill. 294; Frorer v. People, 141 Ill. 171; Braceville Coal Co. v. People, 147 Ill. 66; Eden v. People, 161 Ill. 296; Durkee v. Janesville, 28 Wis. 464; Janesville v. Carpenter, 77 Wis. 288; State v. Goodwill, 33 W. Va. 179; State v. Coal Company, 33 W. Va. 88; Pearson

v. Portland, 69 Me. 278; State v. Coke Co., 20 S. W. 499; State v. Loomis, 115 Mo. 307; Briggs v. Railroad, 111 Mo. 174; Barnett v. Railroad, 68 Mo. 56; Perkins v. Railroad, 103 Mo. 52; In re Jacobs, 98 N. Y. 98; People v. Gilson, 109 N. Y. 398. (2) It is an elementary rule of statutory construction that all penal statutes shall be strictly construed. State ex rel. v. Bland, 144 Mo. 534; State v. Reid, 125 Mo. 48; State v. McCance, 110 Mo. 398; Connell v. W. U. Tel. Co., 108 Mo. 459; Rozelle v. Harmon, 103 Mo. 339; State v. Bryant, 90 Mo. 537; Manz v. Railroad, 87 Mo. 278; Kritzer v. Woodson, 19 Mo. 330; Riddick v. Governor, 1 Mo. 147; Dudley v. W. U. Tel. Co., 54 Mo. App. 391; Scott v. Railroad, 38 Mo. App. 526; Com. v. Wells, 110 Pa. St. 463; U. S. v. Clayton, 2 Dill Ct. Ct. Rep. 224. (3) The purpose which the legislature had in view, in passing the statute, must be determined by the language used, in the act itself. If it is plain and unambiguous, then it should not be given a forced construction, but words should be construed without any arbitrary subtraction or addition to its meaning. Scott v. Railroad, 38 Mo. App. 526; State v. Railroad, 19 Mo. App. 104; State v. Hays, 78 Mo. 600; Beckwood v. Wade, 17 Vesey Jr. 87; Tynan v. Walker, 35 Cal. 642. (4) Upon no other ground could the court have set aside the nonsuit. Its ruling was proper, if we are correct, in first holding that an operator is not included in the term owner. If the ruling of the court was correct, in excluding evidence offered on this subject, then it committed error in setting aside the nonsuit, because of its alleged refusal to hear such testimony. From any standpoint of view therefore it is respectfully insisted that this cause should be reversed and dismissed. (5) The law is well settled in this State, that the principal is not liable for the willful violation of a statute, by the agent, against his positive orders, and without his knowledge or consent. State v. Baker, 71 Mo. 475; State v. McGrath, 73 Mo. 181; State v. Reiley, 75 Mo. 521; State v. McAdoo, 80 Mo. 216; State

v. Heckler, 81 Mo. 417; State v. Shortell, 93 Mo. 123; State v. McCance, 110 Mo. 399; State v. Weber, 111 Mo. 204; State v. Bockstruck, 136 Mo. 350.

D. C. Barnett and A. A. Whitsitt for respondent.

(1) In an action against a railroad corporation to recover the statutory penalty for failing to give the statutory signals at a public road crossing, it is sufficient to allege that defendant "has been operating and running" the railroad in question. Whether defendant has been operating such railroad as owner, lessee, or otherwise, the requirement of "owner" under the statute, has been fulfilled. State to use v. Railroad, 46 Mo. App. 466; 1 Rorer on Railroads, p. 553; 1 Redfield on Railroads (6 Ed.), sec. 142. (2) Appellant's contention that said act is in conflict with section 8 of article II of the Constitution, in that it authorizes "one-half of the penalty to go to the informer, when under the section of the Constitution aforesaid, it should go to the school fund of the State" has been passed upon by this court, and held adversely to appellant's claim. State ex rel. v. Railroad, 89 Mo. 562; Barnett v. Railroad, 68 Mo. 56; Cooley on Const. Lim. (6 Ed.), 714; Com. v. Railroad, 103 Mass. 254; Railroad v. Brown, 67 Ind. 45. But the legislature may exclude such defenses and impose an absolute liability for all injuries caused by a violation of the regulations. 19 Am. and Eng. Ency. of Law, 888. (3) Actions for the enforcement of statutory penalties against corporations are generally held to be civil actions. 2 Elliott on Railroads, sec. 712; 19 Am. and Eng. Ency. of Law, 884. (4) The right of every State to control or regulate railroads within its borders is a necessary accompaniment of the duty imposed upon it to provide for the general welfare of its citizens. It is a part of the power of police regulation which is inherent in every government. 19 Am. and Eng. Ency. of Law, 885; People v.

Railroad, 70 N. Y. 569. (5) The court erred in granting the appeal over the objections of respondent, the judgment setting aside the nonsuit and granting a rehearing, is not such final judgment as authorizes an appeal. The appeal is premature. Schulter v. Bockwinkle, 19 Mo. 647; Jones v. Evans, 80 Mo. 565; U. S. v. Bailey, 9 Pet. 272; Acts 1891, p. 70.

VALLIANT, J.—This is an action to recover of defendant railroad company the penalty provided by section 2608, Revised Statutes 1889, for failing to ring a bell or sound a whistle at a highway crossing.

The suit was begun in a justice's court where judgment was rendered for plaintiff, from which judgment an appeal was taken to the circuit court of Cass county. There were four counts in the petition, each stating in due form facts rendering the defendant liable to the penalty if the statements amounted to a declaration that the defendant was the owner of the railroad within the meaning of that statute. On this point the petition averred only that the defendant was a railroad corporation engaged in the general railroad traffic as a common carrier of freight and passengers for hire, and that at the date of the act complained of it operated the road in question, but omitted saying that it owned the road.

When the cause came to be tried in the circuit court, defendant objected to any evidence on the part of the plaintiff on the grounds that the petition failed to state facts sufficient to constitute a cause of action, and that the statute was invalid, being in violation of both the Constitution of Missouri and that of the United States. The points at which the statute was thought to be in conflict with the Constitutions, State and National, were particularly specified, and appear in the record.

The objection was overruled and the trial progressed. Plaintiff introduced evidence tending to sustain the aver-

ments of the petition until it came to the averment that the defendant was operating the road.    At that point the defendant objected to the testimony tending to sustain the averment on the ground that the statute inflicted the penalty not on the operator, but on the owner of the road.    The court sustained the objection, and the plaintiff being at the end of its evidence, rested.    The defendant then, over plaintiff's objection, introduced evidence tending to prove that it did not own the road in question, but that the Lexington & Southern Railway Company was the owner.    And then defendant rested.    Plaintiff took a nonsuit with leave to move to set the same aside, within four days filed the motion, specifying as ground the refusal of the court to allow plaintiff to prove that defendant operated the road, which motion was by the court sustained on that ground, and thereupon defendant duly excepted and brings the cause here by appeal, assigning for error the sustaining of the motion to set aside the nonsuit.

I.    The first question for consideration arises on the point presented by the respondent that an appeal does not lie from an order of the circuit court sustaining a motion to set aside an involuntary nonsuit.

The right of appeal from an order sustaining a motion for a new trial was given by an act of the General Assembly, approved April 18, 1891.    (Laws 1891, p. 70.)    In that act no mention is made, by that name, of an order sustaining a motion to set aside an involuntary nonsuit, but such an order is necessarily comprehended in the words "order granting a new trial."    The proceeding which results in a ruling that enforces a nonsuit is as much a trial as the proceeding which results in a verdict, and the judgment which follows an involuntary nonsuit is as final a disposal of the case in which it is rendered as is the judgment that follows a verdict in such case.    The effect of the judgment on the cause of action involved is not the same in both cases, the cause of action being extinguished in the judgment on a verdict, but surviving

the judgment on the nonsuit.    But so far as the suit itself is concerned, it is as completely ended in the one case as the other.

What is a trial?    Our statute answers the question: Section 2130, Revised Statutes 1889: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or fact."    The proceeding in this case then amounted to a trial, although it culminated in an issue of law, and the effect of sustaining the motion to set aside the nonsuit is nothing more than granting a new trial of that issue.    Defendant, therefore, had a right to this appeal.

II.    The defendant railway company insists that the plaintiff was properly forced to a nonsuit in the first instance, and that the court erred in setting it aside, because the statute on which the suit is founded imposes the penalty, not on the company operating, but on that one owning the road.

To give the statute that construction in its application to a case like this would render it liable to the criticism which counsel for appellant have put upon it, of being unreasonable and harsh; that is to say, the Lexington & Southern Railway Company might with great cause insist that the statute is unreasonable and harsh to impose on it a penalty for an omission of duty on the part of the servants of the Missouri Pacific Railway Company.    But the provisions of the statute are reasonable and wholesome when construed to apply only to the company in possession of the road and operating it by its own servants.

It is no violation of the rule which requires a penal statute to be strictly construed in favor of the person upon whom the penalty is sought to be imposed, to say, in a case like this, that the railroad company in possession and complete control of the road is the owner.    The word owner as applied to a railroad does not necessarily, if at all, carry the idea of unqualified title.    A railroad is a public highway, and whatever title any railroad company may have to it is limited or qualified.

If, as was attempted to be proven in this case, the defendant company was in exclusive possession and operating the railroad in question, it was the owner of the road within the meaning of the statute.   [State to use v. Railroad, 46 Mo. App. 466.]

III.    It is stipulated in the record that the engines of defendant in use on the road were supplied with bells and whistles, and in charge of competent servants who were furnished time cards that required them to give the signals, and that if signals were not given, defendant had no knowledge of the failure before the institution of this suit.

Upon these facts it is insisted that defendant is not liable upon the principle of law that one can not be held liable for the willful violation of a statute by his agent against his orders and without his knowledge or consent.    That principle of law is well settled and applies to the class of cases cited by the learned counsel in support of it, but it does not apply to the facts of this case.

A corporation has no tangible existence outside of agents through whom it acts.    When a duty is imposed on a corporation that in its very nature must be performed by a servant not under the immediate eye of its officers, it follows from the necessity of the case that the act of the servant is the act of the corporation and that the servant is *pro hac vice* the corporation itself.    If this were not so, it would be impossible to enforce the provisions of a statute like this.    A corporation has even been held liable in damages for the willful and felonious killing of a man by its servant who had no orders to do so, and against whose competency as a bridge guard there was no charge.    [Haehl v. Railroad, 119 Mo. 325.]

IV.    It is insisted that the statute is in violation of the Constitution of Missouri.    The general character of this statute is declared by Cooley to be within the police power of the State.    [Cooley Const. Lim. (6 Ed.) 714, and the

large number of cases cited.]    The contention that it especially violates section 8, article XI, of the Constitution has been expressly denied and rightly so by this court in State ex rel. v. Railroad, 89 Mo. 562.    The statute is a reasonable police regulation, and in our opinion violates no provision of the Constitution of Missouri nor of the Constitution of the United States.

The action of the circuit court of Cass county in setting aside the nonsuit and granting a new trial, is affirmed.

All concur.