# HUDSON-KIMBERLY PUBLISHING COMPANY, Respondent, v. FREDERICK A. YOUNG, Appellant.

### Kansas City Court of Appeals, December 2, 1901.

1. **Judgments: IMPEACHMENT: FRAUD: PLEADING.** The fraud that vitiates a judgment is such as appears in the procurement thereof, and the mere allegation that a suit was brought in Kansas in order to avoid the effect of the laws and decisions of Missouri, is not sufficient as it does not allege any fraudulent act tending to influence the action of the court—especially so when there is no allegation that plaintiff knew how the Kansas court would decide or what the laws and decisions of that State were.

2. **Judgments: LEX LOCI CONTRACTUS: INTERSTATE COMITY.** Although a contract should be construed according to the law of the State where made, yet after judgment has been rendered only a want of a cause of action or want of jurisdiction can be alleged against its validity; and if the judgment is good in the State where rendered, it is equally good in another State.

3. **Trial Practice: NONSUIT: RES ADJUDICATA.** An involuntary nonsuit is merely a dismissal of plaintiff's cause of action when taken before the cause is finally submitted.

4. **Judgments: LEX LOCI CONTRACTUS: INTERSTATE COMITY.** Courts of this State will not review the findings of a court of a sister State on the ground that they have overruled the laws and decisions of this State.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Wm. H. Chiles* and *John E. Burden* for appellant.

(1)   The judgment in the Lafayette Circuit Court, on the first action, was upon the merits and was *res adjudicata,* and was an estoppel to any further action.   A judgment upon demurrer which goes to the merits is as effectual as a trial. Ins. Co. v. Smith, 117 Mo. 261; Wells v. Moore, 49 Mo. 229; Fulton Iron Works v. Riggin, 14 Mo. App. 321; Louisiana Plank Road Co. v. Mitchell, 20 Mo. 432; Henley v. Henley, 93 Mo. 95; Greene County Bank v. Gray, 146 Mo. 568; Lisle v. Rhea, 9 Mo. 172; Freeman on Judgments (2 Ed., 1874), sec. 47.   (2)   The judgment of another State may be impeached in a collateral proceeding for fraud or want of jurisdiction.   Marx v. Fore, 51 Mo. 69; Eager v. Stover, 59 Mo. 87; Napton v. Leaton, 71 Mo. 358; Barlow v. Steel, 65 Mo. 611; Hardware Co. v. Lang, 54 Mo. App. 147; Edgell v. Sigerson, 20 Mo. 494; Clough v. Holden, 115 Mo. 353.   (3)   Respondent commenced his two actions at about the same time, one in Missouri and the other in Kansas. The Missouri case was reached and heard first, and, the law being against him, he abandoned the Missouri case, and, taking the note sued on in Missouri, he added it to the Kansas case and appellant was compelled to litigate his matters in an unfriendly foreign jurisdiction, which he alleges was done by respondent to avoid the law and courts of Missouri.   This was stricken out which was error.   Hardware Company v. Lang, 54 Mo. App. 147; Massey v. Young, 73 Mo. 260; Cole v. Cunningham, 133 U. S. 107.

*Alexander Graves* for defendant.

(1)   The trial court properly sustained the motion to strike out paragraph 2 of defendant's answer.   Payne v. O'Shea, 84 Mo. 132; 1 Black on Judgments, section 225; 2 Black on Judgments, secs. 843, 857, 905; Corley v. McKeag, 57 Mo. App. 417.   (2)   The Kansas court simply followed

what this court and the Supreme Court has said about the value of nonsuit judgments as bar to another action. State ex rel. v. Railway, 149 Mo. 109; Coatney v. Railroad, 151 Mo. 40; West v. McMullen, 112 Mo. 409; Water Works Co. v. School District, 23 Mo. App. 233; Lawrence v. Shreve, 26 Mo. 493; Bresnehan v. Price, 57 Mo. 422; Clark v. Railroad, 36 Mo. 215. (3) Paragraph 2 of said answer fails to charge any fraudulent act of respondent in the "concoction" of the judgments sued on in this case.

BROADDUS, J.—This is a suit on a judgment of the district court of Wyandotte county, State of Kansas, in favor of the plaintiff and against the defendant for the sum of $2,276.50, rendered on the fourth day of December, 1899. It was a suit by attachment, the attached property having been sold and the proceeds after the payment of cash being applied on the judgment, to-wit; $637.29, leaving due plaintiff $1,639.12 for which he prays judgment.

The defendant's answer consisted of two counts. The first is a general denial. The second count is in part as follows:

"Defendant for further answer to said petition and defense to this action alleges that at all times hereinafter mentioned the plaintiff was and still is a corporation organized under and authorized by the general corporation laws of the State of Missouri, and as such a citizen of the State of Missouri, and doing business in Kansas City therein, and at all of said times the defendant was and still is a citizen of the said State of Missouri, and residing in Lafayette county therein. Defendant alleges that on the thirteenth day of March, 1899, this plaintiff instituted its suit against this defendant in the district court of Wyandotte county, Kansas, returnable to the June term, 1899, of said court to commence on the first Monday in June, 1899, which said suit was upon a certain con-

tract in writing of this defendant guaranteeing on the part of his son, Thomas C. Young, as follows, to-wit: That said Young engages the said company to publish for him a system of index to the record of deeds of Lafayette county, Missouri, estimated to contain of printed matter two hundred and twenty pages, more or less, pages seven and one-fourth by four and five-eighths inches of brevier type. The said Hudson-Kimberly Publishing Company agrees to print said book commencing within one day after copy is delivered and proper contract duly executed, and print and proofread and deliver to said Young proofsheets for his O. K., not less than four pages per diem as copy is furnished. The quality of paper to be used for one hundred copies to be 28-lb Hudson-Kimberly linen. Five hundred copies to be printed on 24-lb. white W. F. Manila. It is agreed that said Young shall pay to said company six hundred and seventy-two dollars for two hundred and twenty pages, and additional charges shall be made pro rata per page; if less, a like reduction. And the company agrees to print for said sum, one hundred copies and five hundred copies on paper as mentioned in this agreement. The preface, title-page and index to be charged for at the rate of two dollars per page. For blank or white space, said Young to have rebate of three cents per square inch. Fifty copies on best paper to be bound in genuine morocco, either flexible or stiff backs, as may be desired, and the remaining of ten or more at the same rate of sixty cents per copy, or forty cents in buffing. Five hundred to be bound in first-class cloth binding at the rate of fifteen dollars per hundred. The lettering on cover desired is included in above estimate. The terms of payment are as follows: One-half of the entire bill to be paid within sixty days after the date of delivery of first lot of books bound, balance ninety days after said date of delivery. Said Young agrees to execute bond with satisfactory securities for the faithful performance of his part of the agreement.

Hudson-Kimberly Pub. Co. v. Young.

Defendant states that the terms of .his said guaranty were and are at the bottom of the said contract, after the signatures thereto and is: "Thereby guarantee the fulfillment of the above contract and payment of the contract amount," and signed by this defendant. Defendant states that the plaintiff sought in said action to recover for the following work under said contract:

"600 Index to record of deeds, 220 pages...... $ 672.00
467 additional pages, at $3.00............. 1,424.35
4 pages, preface and index at $2.00......... 8.00
50 copies bound in morocco, at 60 cents...... 30.00
50 copies bound in law sheep.............. 30.00
100 copies bound in cloth ................ 15.00
383 pages of grantors, at $1.00............ 383.00
16 pages reset in same, at $2.80............ 44.80
3 pages index and preface, at $2.80 ......... 6.00
                                            ─────────
    Total ....................$2,613.15
Credit by 40 pages blank, at 90c........... 36.00
                                            ─────────
                                    $2,557.15

"and crediting said amount with a note of defendant of date January 16, 1899, for $1,300, claimed a balance with interest at six per cent from January 16, 1899, of $1,394.15, and interest. Defendant states that said action so brought by plaintiff in said Kansas court was by attachment against this defendant and his property on the sole ground that defendant was a non-resident of the State of Kansas, and said writ of attachment was served by attaching a lot of twenty-one fat cattle of the value of one thousand dollars, which this defendant had shipped to the Kansas City stock yards, and which

happened to be on the Kansas side of such stock yards. Defendant states that at that time he had plenty of property in Lafayette county, Missouri, to respond to said action of plaintiff if he had brought it in said county. And that said action was brought out of the State of Missouri by the plaintiff in order to compel the defendant to litigate in a foreign jurisdiction, and in order to avoid the law of the State of Missouri under which defendant had a complete defense to said action and was a fraudulent act on part of plaintiff to deprive the defendant of his rights and defense under the laws of Missouri."

The answer then proceeds to state that as the property of defendant was attached he was compelled, under the laws of Kansas, to appear and plead, which he did on April 28, 1898; that in the meanwhile, to-wit, on the seventeenth of March, 1898, plaintiff instituted suit on the $1,300 note mentioned, against defendant and said Thomas C. Young, at his place of residence in Lafayette county, Missouri; that as a defense to said note the defendants set up certain facts, the sum and substance of which was that the said contract between plaintiff and the said Thomas C. Young, which the defendant had guaranteed, had been, by said plaintiff and said Thomas C. Young, without defendant's knowledge and consent, departed from and changed in certain particulars, whereby the defendant had become discharged from the obligation of his guaranty as aforesaid; and that the $1,300 note in suit was executed by defendant in ignorance of said fact of said change in said contract that he had guaranteed as aforesaid. He asked judgment on his answer by reason of said change in said contract guaranteed by him.

The answer then proceeds to set up that the plaintiff moved to strike out said part of said answer because it constituted no defense to plaintiff's cause of action; that the court overruled said motion of plaintiff, to which action of the court

plaintiff excepted, refused to further plead, filed his bill of exceptions to the action of the court in overruling said motion and took a nonsuit with leave to set same aside. That thereupon the court rendered judgment, to-wit: "That plaintiff take nothing by its suit and that defendants go hence without day, and have and recover judgment against plaintiff for costs and have execution therefor." And that said judgment of said circuit court of Lafayette county, Missouri, still remains in full force and effect and unappealed from.

The answer then alleges that the plaintiff afterwards procured said note from the files of said court, took the same to the State of Kansas and for the fraudulent purpose of avoiding the decision of said circuit court of Lafayette county, Missouri, and the laws of the State of Missouri in that behalf, amended his petition in the Kansas case by making another count upon said note; that defendant pleaded to said amended petition in which he set up said change of said contract which he guaranteed as aforesaid whereby defendant claimed he was released, and that he also set up said judgment of said Lafayette county, Missouri, circuit court as an estoppel and *res adjudicata;* that upon the trial of said cause he put in evidence all of said facts set up in his answer, together with the laws of the State of Missouri.

The answer then sets up the particulars of the finding of said court of Wyandotte county, Kansas, the summing up of which was the judgment for plaintiff in suit.

The defendant claims that notwithstanding the judgment of the district court of Kansas, the judgment of the circuit court of Lafayette county, Missouri, was *res adjudicata* as between the parties, and asks this court to so declare and reverse the finding of the circuit court in this case, which was for the plaintiff on said judgment and from which the defendant has appealed.

Upon the trial of the case in the district court of the

State of Kansas, all the facts pertaining to the contract between plaintiff and Thos. C. Young were gone into, and the question as to the liability of defendant as guarantor having been affected by any change of said contract; also the legal force and effect of the judgment of nonsuit suffered by plaintiff in the circuit court of Lafayette county, Missouri, wherein suit had been brought by plaintiff against defendant on the note in question all of said questions being adjudicated.

The defendant claims that said judgment was obtained by fraud, but does not specify in what particular manner the fraud was accomplished. The rule is that where a judgment is sought to be impeached on the ground of fraud, that such impeachment can only occur when satisfactory evidence is offered that such fraud occurred in the very concoction or procurement of the judgment. Moody v. Peyton, 135 Mo. 489; Payne v. O'Shea, 84 Mo. 129.

The allegation in the answer that plaintiff brought his attachment suit in the Kansas court to avoid the effect of the laws and decisions of the appellate courts of this State, under which he claims that the contract of guaranty and the note given thereunder were, by reason of the alleged change in said contract, no longer binding on the defendant, does not constitute such a charge of fraud as would vitiate the judgment. This does not amount to a charge of fraud in the concoction of the judgment. It does not amount to an averment that plaintiff did anything of a fraudulent character to influence the action of the court. The same issues were presented to the Kansas court that are presented here, and all the legal points involved here were involved there. It is not alleged that plaintiff knew when he brought his suit in the State of Kansas how the courts of that State would decide his case. It is not even alleged that the plaintiff knew what the law and decisions of that State were on the questions to be presented. The sum and substance of the answer is, that the law

was administered in his case different from what he understood would have been administered in Missouri.

It is true, as contended by defendant, that the contract in suit in Kansas should have been construed with reference to the laws of this State, where it was entered into, and not according to the laws of Kansas. The laws of this State were pleaded, but defendant alleges that the court disregarded them. But can he be allowed to assert, as against the judgment of that court, anything other than that the plaintiff had no cause of action or that the court had no jurisdiction? We think not.

There is no claim that the judgment in question is not good under the laws of Kansas. And if it is a good judgment in Kansas it is equally as good in the State of Missouri. See Act of Congress; R. S. 1899, p. 2456, sec. 905.

It may be well, however, to call attention to the claim of the defendant that the nonsuit taken by plaintiff in the circuit court of Lafayette county, Missouri, was *res adjudicata* under the laws and decisions of the courts of this State, and that the Kansas court was in error in not so holding. We think the Kansas court, in that respect at least, conformed to the established rule in this State, that an involuntary nonsuit is merely a dismissal of the plaintiff's cause of action, when it is taken before the cause is finally submitted to the jury, or the court sitting as a jury, or the court. Waterworks Co. v. School Dist., 23 Mo. App. 227; State ex rel. v. Railroad, 149 Mo. 109; West v. McMullin, 112 Mo. 409.

The effort of the defendant here is to have this court review and set aside the findings of a court of a sister State on the specious plea, that the courts of that State overruled the laws and decisions of this State. The law of comity between the States of the Union, the act of Congress, supra, and the rule of *res adjudicata* all forbid such action on our part.

The cause is affirmed. All concur.