## COHN, by Next Friend v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Division Two, June 14, 1904.**

1. **SUIT BY NEXT FRIEND: No Allegation: How Raised.** The petition should allege the appointment, in the mode pointed out by law, of a next friend of a minor plaintiff. But the issue that the petition does not show that such next friend has legal capacity to sue on behalf of such minor, in that it does not contain any such allegation, is not raised by a general denial. But where the answer "specifically denies that" such person "is the next friend of the plaintiff" it is not a general denial on that point.

2. **NONSUIT: New Trial: Discretion of Trial Court: Review of Evidence.** The trial court has the discretionary right to set aside an involuntary nonsuit, and if it does so without stating the ground, and it might have done so either on the ground that the petition which did not state a cause of action was amendable, or upon the ground that a reconsideration of the evidence shows that it was sufficient to take the case to the jury, the appellate court will not review the evidence to determine that it abused its discretion in setting aside the nonsuit on the latter ground, but will presume that its action was warranted by the facts disclosed at the trial. In such case a showing that the evidence did not entitle plaintiff to recover does not show that the trial court abused its discretion in setting aside the nonsuit. (Coatney v. Railroad, 151 Mo. 35, distinguished, and the view expressed that its reasoning is not entirely satisfactory.)

Appeal from Jackson Circuit Court.—*Hon. Wm. B. Teasdale,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action.  (a) It does not show legal

capacity on the part of the plaintiff to maintain this action. Caster v. Chase, 160 Mo. 424; Porter v. Railroad, 60 Mo. 160; Jones v. Steele, 36 Mo. 326; Higgins v. Railroad, 36 Mo. 431. (b) It does not show that the alleged failure to ring the bell, nor excessive speed, was the proximate cause of the injury. Molyneux v. Railroad, 81 Mo. App. 28; Hanlon v. Railroad, 104 Mo. 387. (c) It does not show that plaintiff was in a position of peril, and that the servants of defendant saw, or might have seen, him in time to have stopped the car and avoided the injury. Dezell v. Casualty Co., 75 S. W. 1103; Koenig v. Depot Co., 73 S. W. 644. (2) There was no evidence on which to submit any issue to the jury. Aldrich v. Railroad, 74 S. W. 141; Cojan v. Railroad, 73 S. W. 738; Payne v. Railroad, 136 Mo. 585; Nellis, Street Railway, pp. 367-8-9-77-8; Tanner v. Railroad, 161 Mo. 497; Maxey v. Railroad, 113 Mo. 11; Boyd v. Railroad, 105 Mo. 379; Kelsey v. Railroad, 129 Mo. 362; Hook v. Railroad, 162 Mo. 569; Daviess v. Railroad, 159 Mo. 1; Watson v. Railroad, 133 Mo. 246; Moore v. Railroad, 75 S. W. 672; Campbell v. Railroad, 75 S. W. 92; Thompson v. Railroad, 140 Mo. 125; Vogg v. Railroad, 138 Mo. 172; Murray v. Railroad, 75 S. W. 611; Zumault v. Railroad, 74 S. W. 1015.

*Robert E. Rooney* for respondent.

The petition does state facts sufficient to constitute a cause of action. (a) It does show legal capacity on the part of the plaintiff to maintain this action. Randolph v. Railroad, 18 Mo. App. 609; Rogers v. Marsh, 73 Mo. 70; Taylor v. Pullen, 152 Mo. 440. (b) It does show that the failure to ring the bell and excessive speed were the proximate causes of the injury. Kenney v. Railroad, 105 Mo. 272; Hanlon v. Railroad, 104 Mo. 381; Gratiot v. Railroad, 116 Mo. 450; Brewitt v. Railroad, 134 Mo. 615; Lowry v. Railroad, 40 Mo. App. 554;

Kellery v. Railroad, 101 Mo. 67; Schleith v. Railroad, 96 Mo. 509; Backenstoe v. Railroad, 23 Mo. App. 148. The rule applies to cable railways. Weber v. Railroad, 100 Mo. 194. (c) It does show that plaintiff was in a position of peril and that servants of defendant saw, or might have seen, him in time to have stopped the car and avoided the injury. Smith v. Railroad, 52 Mo. App. 36; Hickman v. Railroad, 47 Mo. App. 65; Dean v. Railroad, 108 Mo. 142.

BURGESS, J.—This is an action by plaintiff, who sues by his next friend, for five thousand dollars damages, alleged to have been sustained by him by reason of the carelessness and negligence of defendant.

The petition alleges that on the third day of February, 1901, at about ten o'clock a. m., while plaintiff was crossing the tracks of defendant at a point about 125 feet west of Wyoming street on Ninth street, a car of defendant, running at the rate of fifteen or twenty miles an hour, negligently and carelessly struck the plaintiff.

The specific allegations are that the bell was not rung; that the rate of speed was in excess of twelve miles an hour, in violation of an ordinance of Kansas City; that the defendant's servants in charge of the car failed to stop the car in time to avoid injuring plaintiff, when they knew, or by the use of ordinary care might have known, of the danger in which plaintiff was.

After the introduction of plaintiff's evidence, the defendant interposed a demurrer thereto, and on suggestion being made by the court that the same would be sustained the plaintiff took a nonsuit, which on motion was afterwards, over the objection of defendant, set aside. Defendant then and there excepted at the time and brings the case to this court on appeal.

So that the only question presented by this appeal is the action of the trial court in sustaining the motion to set aside the nonsuit.

Appellant's contention is that the trial court erred in sustaining the motion:

First, because the petition does not state facts sufficient to constitute a cause of action against defendant.

Second, because no reason exists for such action, there being no evidence in the case on which plaintiff could recover.

The contention of defendant is that the petition does not state a cause of action in that it does not show any legal capacity on the part of M. Cohn to maintain this action on behalf of Gilbert Cohn.

It is true that the petition nowhere alleges that M. Cohn had been appointed next friend by the circuit court, nor by the clerk thereof in vacation, but plaintiff claims that the answer is merely a general denial, hence that issue was not raised.

If the answer is merely a general denial this position is clearly sustained by the authorities cited by plaintiff. [Rogers v. Marsh, 73 Mo. 64; Randolph v. Railroad, 18 Mo. App. 609; Taylor v. Pullen, 152 Mo. 434; Clowers v. Railroad, 21 Mo. App. 213.] The answer, however, "specifically denies that M. Cohn is the next friend of the plaintiff herein," and is responsive to the allegation of the petition in that regard. The defect in the petition was apparent upon its face. It showed that the plaintiff had no legal capacity to sue, while it should have alleged that the appointment of M. Cohn as next friend had been duly made in the mode pointed out by law. This defect could have been raised by demurrer or answer. It was, therefore, properly raised by answer. [Jones v. Steele, 36 Mo. 325; Casler v. Chase, 160 Mo. l. c. 424.]

It is claimed that the court committed error in setting aside the nonsuit, because the alleged failure to ring the bell is not charged in the petition, nor shown in the evidence to have been the cause of the injury, and, for

the further reason that the court erred in setting aside the nonsuit since on the whole case the plaintiff ought not to recover.

The only cause assigned for setting aside the nonsuit was that plaintiff was taken by surprise at the ruling of the court in sustaining the demurrer to the evidence. In this case, therefore, we will only pass upon the objections urged upon our attention by the defendant, and the first question is, would the fact that the petition, as we have already said, does not state a cause of action, necessarily result in a reversal of the order or judgment of the court setting aside the nonsuit?

The petition was amendable, but the court had no right to presume that the evidence would be stronger, or more cogent on another trial, and, it may be, for all we know, that the very reason upon which the motion was sustained and the nonsuit set aside was in order that plaintiff might amend his petition if he could, and desired to do so, and not that either of the other points insisted upon by defendant were well taken. This we think the only logical inference to be drawn from these facts. That the court had the discretionary right to set aside the nonsuit, upon motion, or of its own accord, in order that the petition might be amended and the ends of justice attained, or upon reconsideration that the evidence was sufficient to take the case to the jury, there can be no question, and to hold otherwise upon the facts disclosed by the record would be to deprive it of such right.

If defendant's contentions be correct, we are expected to pass upon the evidence as a trial court or jury, which we must decline to do, but content ourselves in the absence of any showing to the contrary, with the presumption that the action of the court was warranted by the facts disclosed by the record.

It devolved upon the defendant to show that the court abused its discretion in setting aside the nonsuit, and the fact that the evidence may have shown, if such was the case, that plaintiff was not entitled to recover, did not establish that fact. Otherwise upon every ruling of the court by which an involuntary nonsuit may be forced, and afterwards set aside, either by motion or by the court of its own volition, if the order setting aside the nonsuit be appealed from, it would devolve upon this court to consider the evidence adduced, in order to determine that question, and we do not believe that any such burden can be imposed upon this court, under such circumstances. If so, granting a nonsuit and thereafter setting it aside is not discretionary with the court at all, but depends altogether upon the weight of the evidence.

An involuntary nonsuit is simply a dismissal or discontinuance of a suit pending, and an order of the court setting aside the nonsuit and reinstating the cause upon the docket, is, in effect, the institution of a new suit, and if by appealing from the order or judgment setting aside the nonsuit the defendant can cut off any further procedure, and bring the case to this court for review, plaintiff gains nothing by his appeal, for, under such circumstances, the case in its then condition could only have been considered on the appeal.

We have not overlooked the case of Coatney v. Railroad, 151 Mo. 35, in which it is held that the Supreme Court would upon appeal taken by defendant from an order setting aside a nonsuit and granting plaintiff a new trial, review the evidence, and if it fails to disclose any negligence upon the part of the company's servants, but does show that deceased came to his death by his own negligence, it would reverse the order setting aside a nonsuit, taken by plaintiff when the court sustained a demurrer to plaintiff's evidence, and granting her a new

trial. But that case is different from this, in that, in that case the only question involved was with respect to the weight of the evidence, while in the case at bar one of the questions presented by the record was as to the sufficiency of the petition, which we have held did not state a cause of action.

Moreover, we are not entirely satisfied with the reasoning of the court in that case.

The order of the circuit court of Jackson county in setting aside the nonsuit and granting a new trial is affirmed.

All concur.