DAVID W. CRAWFORD, WALTER J. CRAWFORD, WILBUR J. CRAWFORD, ROSS T. CRAWFORD, LOGAN C. CRAWFORD, NETTIE ANDERSON, and ANNA WHITSTINE, Respondents, v. North American Union, a corporation, Appellant.

Springfield Court of Appeals, February 8, 1916.

1. INSURANCE: Fraternal Societies: Dues: Forfeiture for Nonpayment: By-Laws. A fraternal insurance company which collected from month to month from its members only

sufficient funds to pay its average loss and carry the insurance of its members for that month, provided in its by-laws for forfeiture in case of nonpayment of dues on or before a fixed date. Such provision was valid and binding.

2. ———:    ———:    Paying  Dues:   Forfeiture:   Waiver. Where defendant fraternal insurance company which by its by-laws provided for forfeiture in case of nonpayment of dues on or before a fixed date, by its course of dealing with the insured led her to believe that it would not insist on her paying same within the stipulated month but would grant further time, it cannot, without notice to her of intention to require strict compliance, forfeit for a delay in making payment.

3. ———:    ———:    ———:    ———:    ———.   A waiver on the part of a fraternal insurance company of a provision for forfeiture for delay in payment of dues, may arise from repeatedly receiving overdue premiums without objections.

4. ———:    Fraternal Insurance:   Waiver as to Method of Paying Dues. Defendant insurance company, with a provision in its by-laws that dues must be paid by a certain date in each month in which same accrued under penalty of forfeiture, several times accepted payment of dues by check mailed too late to be cashed before the last day of the month in which they could be paid. This does not constitute a waiver of the said provision. It is a waiver as to the medium of payment merely.

5. ———:    ———:    Dues:  Payment:  Forfeiture.   Under the laws of the defendant insurance company members were allowed the whole month to pay dues. Plaintiff resided where there was no collector for the company and the company had received and accepted checks mailed by plaintiff to the company on the last day of the month, the same not reaching the company until a date in the month following. This is not a waiver of the provision in the by-laws which required payment during the month under penalty of forfeiture. The company merely made the mails its agent, permitting payment by deposit of check within the stipulated time.

6. ———:    Fraternal Benefit Societies:  Dues:  Nonpayment: Waiver. The fraternal insurance certificate issued by defendant provided that a member might be reinstated after suspension for nonpayment of assessment by furnishing a health certificate. That plaintiff was reinstated under this provision did not constitute a waiver by the company of the right to insist on forfeiture for nonpayment of future assessments.

7. ———:    ———:    Forfeiture:  Waiver.   Defendant insurance company took over the business of another like company in which insured held a policy. All members of the old company were notified by defendant of the provision in its by-laws

which required that assessments be paid within the month under penalty of forfeiture, the by-laws being accepted and relied on by beneficiaries. That the old company had waived prompt payment cannot be urged against defendant company.

8. ———: ———: Assessments: Payment on Time: Waiver. Action on a fraternal policy, payments on which under the by-laws were required to be made within each current month under penalty of forfeiture. Through an oversight, same were not made within time. A claim of waiver of the above requirement of the by-laws is unavailing because waiver in such case contains the element of estoppel and estoppel is based on inducing a party to act to his injury different than he would have done otherwise.

9. APPELLATE PRACTICE: Involuntary Nonsuit: New Trial: Judgment. A peremptory instruction having been given for defendant, plaintiff took an involuntary nonsuit. On appeal from a motion granting plaintiffs a new trial defendant was successful. Defendant is merely entitled to have the order setting aside the nonsuit reversed and not to have final judgment rendered in its favor.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

REVERSED AND REMANDED (*with directions*).

*Barbour & McDavid* for appellant.

*Hamlin & Hamlin* for respondents.

STURGIS, J.—This suit is on a benefit certificate for $2,000 in a fraternal life insurance society on the life of Mary J. Crawford. The certificate makes the application and by-laws a part of the contract, which provide for the payment of monthly dues of $3.78, to become due on the first of each month, but allows payments to be made at any time during such month. The payments are to be made monthly without notice and it is made the duty of each member to pay the secretary of the local council or send same to the secretary of the society at its home office in Monmouth, Illinois, during each month the amount due for that month. It is stipulated that a failure to so make monthly payments *ipso facto* suspends the nonpaying member without any action of the defendant or any of its officers.

The insured died March 10, 1914, and it is conceded that the dues for the preceding month of February were not paid prior to the mailing of a check therefor by a son of deceased on March 9, 1914. On account of the insured not living where there was a local council and collector of the order, she had for several years paid her dues by mailing checks to defendant's general secretary. The envelope in which this last check was forwarded showed by the post mark of the mailing office, Springfield, Missouri, the mailing date of March 11, 1914, at eleven-thirty A. M. but the witness testified that he placed it in the mail box about noon on March 9th. The insured took sick on the night of March 9th and died about one o'clock on March 10th. We will therefore concede that the question of whether the check was mailed before or after the insured's death was a jury question.

The plaintiffs claim that the defendant, by a course of dealing with the insured with reference to the payment of her dues, had waived the strict compliance with the time of payment and led the insured to believe that her dues would be accepted if paid as late as the 9th of the following month. This is the important question in the case. It should be said, however, that defendant received this check on the 12th or 13th of March, and, without any knowledge of the insured's sickness or death, at once returned the same as being paid too late, with notice that same would not be accepted without a certificate of the insured's good health as provided by the by-laws.

Plaintiffs concede that, as defendant is a fraternal society having no or only a small reserve and collecting from month to month from its members only sufficient funds to pay its average losses and to carry the insurance of such member for that month only, the collection of monthly dues within the stipulated time is vital and that a provision for forfeiture in case of

nonpayment on or before a fixed day is valid and binding. All the authorities so hold and we need only cite the opinion of this court in Burchard v. Western Commercial Travelers Association, 139 Mo. App. 606, 622, 123 S. W. 973, and the authorities there collected and Thompson v. Life Ins. Co. (U. S.), 26 Law Ed. 765. We should note, however, that defendant granted all its members a whole month within which to pay each monthly dues.

The defendant, on the other hand, concedes that if the defendant, by its course of dealing with the insured, led her to believe that it would not insist on her paying same within the stipulated month but would grant still further time, then it could not without notice to her of intention to require strict compliance, forfeit for such delay in making payment. Such waiver may arise from repeatedly receiving overdue premiums without objection. There is abundance of authority for this also, but we cite only McMahon v. Maccabees, 151 Mo. 522, 537, 52 S. W. 384; James v. Life Ass'n., 148 Mo. 1, 12, 49 S. W. 978 and the authorities there cited.

The trial court hold plaintiff's evidence as to waiver insufficient and directed a verdict for defendant, it having introduced no evidence. Later, the court granted a motion for new trial and defendant has appealed.

We have carefully read the evidence and are constrained to hold that the trial court was correct in its first ruling that there is no evidence in the case justifying a finding that defendant waived the sending of a check for the monthly dues at a date later that the end of the month for which the same was sent. It is true that several times defendant accepted payment by check mailed to it as late as the last day of the month, though such check was not in and of itself payment (Carrol Bank v. Bank, 58 Mo. App. 17, 26 and Barton Bros. v. Hunter, 59 Mo. App. 610, 618), and

it is shown that such check could not, by the usual course of mail, have been received by defendant till after the end of such month. This, however, proves no more that that defendant, while entitled to demand payment in cash, had by its course of dealing waived such right by leading the insured to believe that it would accept a check in lieu of cash, provided, of course, the check was later paid in regular course, and in so doing the date of payment would be taken as the date of mailing the check. Such would be a waiver as to the manner or medium of payment rather than the time.

As to actually receiving the check after the stipulated time, though deposited in the mail within the time, the evidence shows that defendant's method of business contemplated that the monthly dues be paid to local collectors and that the members have the entire month in which to make payment. Where a member, as in this case, had removed to a locality where there was no local collector, such member might well contend and defendant concede that the post office be the local collector and that such member be given the whole month within which to deposit the payment in the post office. Indeed it has been held by the courts of high authority, and we would so hold if necessary to a decision of the case, that "Where an insurance company authorized payment of premiums by mail, the payment is made when the letter containing the remittance is deposited in the post office." [Primeau v. National Life Ass'n., 28 N. Y. Suppl. 794, affirmed in 144 N. Y. Ct. App. 731; 39 N. E. 858.] In McCluskey v. National Life Ass'n., 28 N. Y. Suppl. 931, the court held that where payment could be made to a local agent within a stipulated time, then by directing or permitting such payment to be made by mail, the post office authorities became the agents of the, insurer to receive such payment and that depositing the same in the mail within the stipulated time was sufficient though not receiv-

ed by the insurer until some days later. We have, therefore, no hesitancy in holding that defendant, by its course of conduct in this respect, waived no more than that the insured would have a right, if such right was not given her by law, to pay the premium by depositing a check in the mail within the stipulated time. Here that was not done until nine days after such time had expired.

Plaintiffs are placed in the position of being compelled to admit that depositing the check in the post office is payment as of that date or else the February dues were not paid until the check was received on March 12th or 13th, and the insured was then dead. While defendant might, by a course of dealing in receiving past due payments from a living insured person, waive prompt payment of such dues, it would be a long call on the doctrine of waiver to permit past due premiums to be paid as a matter of right after the insured's death. [Schmidt v. Modern Woodmen (Wis.), 54 N. W. 264; Conway v. Insurance Co., 140 N. Y. 79, 35 N. E. 20; Thompson v. Insurance Co., 104 U. S. Sup. 422, 26 L. Ed. 765.] Plaintiffs do not claim a right to pay past due premiums after the insured's death.

In one or two instances the insured became delinquent and was thereafter permitted to pay back dues and be reinstated on furnishing a health certificate. The by-laws gave the insured this right and such reinstatement on payment of back dues and furnishing a health certificate was not a waiver of any provision of the contract, but a compliance therewith. Such actions do not tend to show any waiver. [Smith v. Woodman of the World, 179 Mo. 119, 135, 77 S. W. 862; Richards v. Ins. Co., 68 Mo. App. 585, 590; French v. Hartford Life & Annuity Ins. Co. (Mass.), 48 N. E. 268; Parker v. Knights Templar (Neb.), 97 N. W. 281.] One payment of dues is shown to have been

attempted to be made by sending a check on which payment was refused for want of funds in the bank on which it was drawn and that thereafter and after the time for such payment had elapsed the defendant requested that another check be sent. This was not done for some time, but when this and later months dues were paid a health certificate was furnished so that the insured's reinstatement on these conditions was a right vouchsafed to her by the contract and not a waiver of any right by the defendant.

We think it not very material and have not mentioned that the benefit certificate in suit was issued by a fraternal society other than defendant, and that defendant took over its business and continued to carry its risk under a contract to that effect made about a year prior to the default in question. Where we have used the word "defendant" we have included its predecessor. The evidence shows that the most serious ground for establishing a waiver arose from acts of the first company in accepting by checks mailed the last day of the month, etc. Defendant insists that it is not responsible for nor bound by any act of waiver by its predecessor; that by the terms of the agreement by which it took over this business, the assured was bound, on accepting the transfer, to make payment of dues, though the same in amount as before, in accordance with defendant's rules and regulations regardless of what might have been permitted by the old company. The defendant's by-laws strictly require payment to be made *during the month*. Notice to this effect was frequently sent to this insured. The by-laws of the old company required payment to be made *on or before the first day of the next month*. The plaintiffs, by insisting that the by-laws of *defendant* govern in order to show a waiver by accepting over due premiums mailed on the last day of the month, makes the defendant independent of the old company in enforcing its by-laws, and when the insured accepted insur-

ance in the defendant company to be governed by its
by-laws she must be held to an obedience to such by-
laws until *defendant* indicated an intention to waive
the same.

It may also be well said that the insured, or her
son, in omitting to make payment in February, did not
rely on any supposed right to make payment later
induced by past conduct of defendant or its predeces-
sor. In transmitting the check on March 9 the son
wrote: "Please find check enclosed for $3.78 to pay
Mary J. Crawford's premium for March. (Meaning
February.) There was a misunderstanding. I thought
my mother had paid this." If the defendant had in-
duced the insured to believe that dues for February
could be paid in March as well as February, why men-
tion a misunderstanding as to same being paid in prop-
er time. Waiver in a case of this kind contains the
element of estoppel, and estoppel is based on inducing
a party to act to his injury different than he would
have done otherwise. The premium was not paid dur-
ing February because of a misunderstanding, not be-
cause of a belief that same could be paid during March.

In any view of the case plaintiffs are not entitled
to recover under the facts disclosed by their own evi-
dence, and the case is reversed and remanded with di-
rections to set aside the order granting a new trial and
to enter judgment for defendant in accordance with the
verdict.

*Farrington, J.* concurs. *Robertson, P. J.* dissents.

## ON MOTION FOR REHEARING.

STURGIS, J.—Our attention is called by the mo-
tion for rehearing and to modify the opinion to the
fact that no verdict was rendered in the trial court for
the reason that when the court gave for defendant the
instruction in the nature of a demurrer to the evidence
and directing the jury to find for defendant, the plain-
tiffs at once, as was their right, took an involuntary

nonsuit and only a judgment of nonsuit was entered. The plaintiffs then moved to set aside the involuntary nonsuit and to grant them a new trial, which motion the court sustained. From this order the defendant appealed, as it had the right to do. State ex rel. v. Railroad, 149 Mo. 104, 109, 50 S. W. 278.] The only point presented by such appeal is the correctness of the court's ruling in sustaining the demurrer to plaintiffs' evidence. This point we have resolved in defendant's favor, but such ruling does not entitle defendant to a final judgment in its favor. The plaintiffs had a right to take a nonsuit, as they did, at any time prior to a final submission and verdict for the very purpose of preventing a final judgment against them. ''The effect of the judgment is not the same in both cases, (to-wit: on a nonsuit and on a verdict), the cause of action being extinguished in the judgment on a verdict, but surviving the judgment on the nonsuit.'' [State ex rel. v. Railroad, supra.]

In the case of Cohn v. Railroad, 182 Mo. 577, 81 S. W. 846, relied on by plaintiffs for an affirmance of the judgment, the nonsuit was not based·solely on the giving a demurrer to the evidence, but also on the ground·that the court had refused to allow plaintiff to amend the petition and, as the nonsuit was properly set aside on this latter ground, the court held that it would not consider the question of the demurrer to the evidence. Here, however, the setting aside of the nonsuit involved only the correctness of the court's ruling in giving the demurrer, and having held that the demurrer was properly given, we shall do here what was done in the case of Coatney v. Railroad, 151 Mo. 35, 51 S. W. 1036, reverse the order of the trial court setting aside the nonsuit and remand the case with directions to overrule such motion.

It is so ordered. *Farrington, J.* concurs. *Robertson, P. J.,* having heretofore dissented, expresses no opinion.