## WIETHAUPT v. THE CITY OF ST. LOUIS, Appellant.

### Division One, December 11, 1900.

1. **Nonsuit:** HOW FAR RES ADJUDICATA. A judgment of nonsuit is a complete determination of the suit, but not an adjudication of the merits of the controversy.

2. ————: PERSONAL INJURIES: DIFFERENT DEFENDANTS. A judgment of nonsuit as to a defendant who left an obstruction in the public street that caused the injuries to plaintiff, does not affect any right the co-defendant city may have to compel such person to reimburse it for the amount of judgment recovered against the city. In such case the matter in issue does not become *res adjudicata* either between the plaintiff and such nonsuited defendant, or between him and his co-defendant the city.

Appeal from St. Louis County Circuit Court.—*Hon. Rudolph Hirzel*, Judge.

AFFIRMED.

*B. Schnurmacher* and *A. Nicholson* for appellant.

(1) In an action against the city of St. Louis for damages for injuries sustained upon a public highway by reason

of its defective condition, it is not necessary to join as a co-defendant with the city any third party who may be also liable by reason of his having created the defect. Badgley v. St. Louis, 149 Mo. 122. (2) But where the plaintiff chooses to bring one joint action against such third party and the city of St. Louis, the defendants occupy antagonistic positions, are adversary parties, and a judgment in such an action exculpating the third party from liability is conclusive upon the city in any action which it may thereafter bring for indemnification against such third party. Wiggins v. St. Louis, 135 Mo. 558; Kansas City v. Mitchener, 3 Mo. App. Rep. 590. Therefore, from an erroneous judgment in favor of such third party the city may appeal. Wiggins v. St. Louis, 135 Mo. 558.

*John J. O'Connor* for respondent.

(1) If a traveler, innocent of negligence on his part, be injured by an obstruction placed on one of its said streets, and which has been negligently permitted by the city, with notice or knowledge, to remain there unguarded, he is not bound to make the person who caused the obstruction a party defendant, but may sue the city alone for the damage caused by his injury. However, if he does join such party as a defendant in said suit, and fails in the proof as to him, he may take a nonsuit as to such party, and, on proper evidence, recover judgment against the city alone. Badgley v. St. Louis, 149 Mo. 122; Norton v. St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 93; Bierman v. St. Louis, 120 Mo. 457; Banstian v. St. Louis, 152 Mo. 325. Nor does it matter that the obstruction was caused by the city's contractor, for that fact relieves plaintiff of the necessity of showing knowledge on the city's part. Haniford v. Kansas

City, 103 Mo. 172.    (2) In all actions where there are two or more defendants, and the proof fails as to one, as to him the plaintiff may take a nonsuit, and recover judgment against the remainder who are shown to be liable.    R. S. 1899, secs. 624 and 639; Dorris v. Carter, 67 Mo. 544; Vaughn v. Ruple, 69 Mo. App. 583.    (3) The case of Wiggins v. St. Louis, reported in 135 Mo. 558, in so far as it sustains section 9 of article 16 of the charter of the city of St. Louis, is overruled, and therefore no longer in force.    See Badgley v. St. Louis, 149 Mo. 122.    (4) Where, in an appeal, the point relied on by the appellant has already been ruled on to the contrary by this court, and there is no merit in the appeal, this court will presume that the appeal was taken for delay, and will, in such case, affirm the judgment, with damages. R. S. 1889, sec. 2305; Phillips v. Phillips, 107 Mo. 364.

VALLIANT, J.—This is a suit for damages on account of personal injuries sustained by plaintiff occasioned by an obstruction left in one of the streets of the city.    The suit originally was against the city and George Prendergast, the latter being engaged in laying water mains in the streets under contract with the city, and, as plaintiff alleges, negligently left a large pipe, intended for that purpose, lying in the street, at night, unguarded and without warning light or signal, so that the vehicle in which plaintiff was riding was driven against the pipe, and caused the horse that was drawing the vehicle to run away and plaintiff to be thrown out and suffer serious injuries.    Upon the trial the testimony on the part of the plaintiff tended to sustain his petition, but at the close of his testimony each of the defendants separately asked an instruction for a nonsuit; the court gave the instruction asked by Prendergast, and refused that offered by the city. Thereupon the plaintiff took a nonsuit with leave as to

Vol. 158 mo—42

Prendergast, and the trial proceeded as against the city, and resulted in a verdict and judgment for $1,000 in favor of plaintiff, from which the defendant city appeals. The record does not show that any motion was made by the plaintiff to set aside the nonsuit as to Prendergast, but in the city's motion for a new trial the action of the court in forcing the nonsuit was assigned as error; exception was also preserved to the action of the court in giving the instruction.

The appellant does not now complain that there is any error in the record for which the verdict and judgment against it should be disturbed, but does complain that the court erred in instructing for a nonsuit in favor of its co-defendant Prendergast, who, it is contended, was primarily liable, and that since the city is to be held liable for his act, he should be liable for whatever sum it may be compelled to pay. Appellant apprehends that when it comes to call Prendergast to account in this matter he can plead that he has been adjudged not guilty in the premises, and that such judgment will be binding as between him and the city. That is the only point assigned for error.

In Wiggins v. St. Louis, 135 Mo. 558, it was held under a like state of facts, that whilst the city was liable to the plaintiff, its co-defendants, the individuals who committed the act which rendered the street unsafe, were liable in turn to the city, and as they were all sued jointly, a judgment in favor of some of the individuals to the effect that they were not guilty of the negligence charged, was an adjudication of the matter, not only as to the plaintiff and them, but also as to all the defendants *inter sese*. And for that reason it was held in that case that the city, on appeal, could assign for error the ruling of the trial court which brought about the judgment in favor of its co-defendants, and the result was that the judgment in favor of the plaintiff against the city

was affirmed; whilst that in favor of its co-defendant was, as to the city, reversed. Appellant's contention now is that a like judgment should be here rendered in this case.

There is, however, this difference between that case and the case at bar. In that case the judgment of the circuit court in favor of the city's co-defendant was in form and effect a final judgment on the merits of the controversy, following a verdict of the jury, whereas in this case it is only a judgment of nonsuit. In the Wiggins case the cause of action was merged in the judgment, but in the case at bar the cause of action as against Prendergast survived the judgment. The matter in issue did not become *res adjudicata* either between the plaintiff and Prendergast or between the city and Prendergast. A judgment of nonsuit is a complete determination of the suit, but not an adjudication of the merits of the controversy. [Lee v. Kaiser, 80 Mo. 431; State ex rel. Cass Co. v. Mo. Pac. Ry., 149 Mo. 104; 6 Ency. Pl. & Pr. 978; Id. 986.]

The judgment of nonsuit in favor of Prendergast did not affect any rights which the city may have had against him growing out of the cause of action in suit; therefore the city has nothing to complain of in this record.

The judgment of the circuit court is affirmed. *Brace, P. J.,* and *Robinson, J.,* concur; *Marshall, J.,* not sitting, having been of counsel.