WICHMAN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, July 9, 1906.

LIFE INSURANCE: Waiver of Forfeiture. Where a policy of life insurance became void by the non-payment of a premium when due and the insurer afterwards accepted and retained the premium, also accepted and retained without objection the application of the insured for reinstatement, it should be presumed that the insured did all that was required of him to be reinstated and the policy will be treated as reinstated.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED AND REMANDED.

*George E. Smith* for appellant.

The receipt and retention of this premium estops the defendant from claiming that the policy was void for non-payment of the same premium. Andrus v. Life Ins. Assn., 168 Mo. 151, 67 S. W. 582; James v. Life Assn., 148 Mo. 1, 49 S. W. 987; Wagaman v. Life Ins. Co., 110 Mo. App. 616, 85 S. W. 117; Suess v. Life Ins. Co., 86 Mo. App. 10.

*Nathan Frank* and *Richard A. Jones* for respond-
ent.

BLAND, P. J.—The petition is in the usual form
to recover on a policy of insurance for the sum of five
hundred dollars, issued to Albert O. Wichman, payable
to him at the expiration of twenty years from the date
of the policy, and in case of his death within that period
to his wife, Louise, or her legal representatives.

After admitting the issuance of the policy and deny-
ing the other allegations of the petition, the answer set
up the following defense:

"That one of the express considerations upon which
said policy was issued and upon which payment was
to be made, and a condition precedent thereto, was that
the said Wichman should pay to said defendant a quar-
ter annual premium of $6.54 on or before the twelfth
day of September, December, March and June of each
and every year, and that if the said sums should not
be paid at the time they became due as aforesaid, then
by the terms of said contract of insurance the same
should be, without further action on the part of de-
fendant, void and of no effect and defendant should not
be liable to pay to plaintiff anything thereunder.

"It was further agreed under the terms of said con-
tract, that the same was completely set forth in such
written policy and the application therefor by the terms
of said policy made a part thereof, and that none of the
the provisions or terms of said contract of insurance
could be varied or modified, nor any forfeiture waived
or premiums in arrears received, except by agreement
in writing signed by either the president, vice-president
or secretary of defendant, whose authority would not
be delegated, and that no other person had or would
be given authority.

"Further answering, defendant states that the
quarterly premium of $6.54 due under the terms of said

policy on the twelfth day of September, 1903, was not paid on said date, whereby the policy became void and there was no further liability on the part of the defendant thereon.

"That thereafter, and during the month of November in said year, and after said policy had become void and of non-effect by reason of non-payment of premiums as aforesaid, the sum of $6.54 was paid by said insured to a local employee of defendant at St. Louis and was received by him.

"That said employee had no authority, under the terms of said policy as aforesaid, to waive any of the provisions of said contract or to revive the same and said payment was received by the said employee upon the express understanding and agreement that 'this sum of $6.54 as aforesaid is received as a deposit to be applied to the premium due on said policy for the non-payment of which at due date this policy was lapsed, provided that the Metropolitan Life Insurance Company, at its home office approves the application for the restoration of said policy submitted; if not so approved it is agreed that said deposit shall be returned to the person making it. And it is expressly understood that no obligation under said policy is assumed until the application for restoration has been approved.'

"That defendant did not approve the revival of said policy or revive the same and the amount so paid as aforesaid was heretofore tendered to the plaintiff and is now tendered into this court for her use and benefit, or whomsoever the court may find entitled thereto."

Omitting caption, the reply is as follows:

"Now comes said plaintiff and for her amended reply to the new matter pleaded in defendant's answer, says that by an invariable custom and usage established by defendant said defendant collected all of the pre-

miums paid upon said policy except the initial premium
by sending its duly authorized agent to the residence
of the insured for that purpose and there demanding
and receipting for said premiums; that relying upon
said custom and usage both the insured and assured
in said policy always awaited the arrival of said agent
on and after the days when the several premiums on
said policy became due and in pursuance of said custom
each and every premium paid upon said policy, with
the exception of the initial premium was called for, de-
manded and paid to said agent long after the day upon
which it became due and payable and was accepted and
retained by defendant although thus paid after matur-
ity. And for further reply plaintiff says that all pre-
miums which accrued upon said policy prior to Septem-
ber 12, 1903, were paid to and accepted by defendant,
that payment of the premiums which accrued on Sep-
tember 12, 1903, was extended by defendant for thirty
days and after said extension expired, defendant's said
agent did not call for or demand payment of said pre-
miums until November 17, 1903, although money to pay
the same on demand was provided and in hand 'await-
ing the call of said agent, that when said agent did call
on November 17, 1903, for the premium which accrued
September 12, 1903, and then received the same to-wit,
the sum of $6.54 from the insured, he gave a provisional
receipt therefore and required the insured and assured,
this plaintiff, to sign an application for the revival of
said policy, representing at the time that said provisional
receipt would thereafter be exchanged for a regular re-
ceipt, that at the time said application for revival was
signed as aforesaid the representations therein made re-
lating to the good health of the insured were true, that
thereafter, to-wit, on December 1, 1903, said agent again
called on the insured and assured and demanded that
they pay the next premium that would accrue thereafter,
to-wit, that on December the twelfth which the insured

and assured at first protested against paying, because the same was not then due but afterward and at the same time offered to pay and tendered to said agent who, being informed that the insured was not then in good health, refused to accept the same, that defendant retained the premium paid to its said agent as aforesaid on November 17, 1903, until after the death of the insured which occurred on December 10, 1903, resulting in death. and never offered to repay said premium until long after the insured had died and after it received notification of his death from the assured the said premium thus retained being the last to accrue upon said policy before death of the insured by reason whereof plaintiff says that defendant ought not now to be permitted to maintain any defense to this action based upon the non-payment of premiums on the days provided in said policy and particularly that which accrued September 12, 1903, and which was paid as aforesaid.

"Plaintiff denies each and every allegation of new matter contained in defendant's answer, which is not herein specifically admitted and prays judgment as before."

At the close of plaintiff's case, the court gave the following instruction:

"The court instructs the jury that under the pleadings, the law, and the evidence in this case, the plaintiff has not established a cause of action aginst the defendant, and you are therefore directed to find and return a verdict in favor of the defendant."

Whereupon plaintiff took a nonsuit with leave to move to set the same aside. A motion to set aside the involuntary nonsuit was filed and overruled by the court, whereupon plaintiff appealed.

The quarterly premiums of $6.54, stipulated to be paid, were due on the twelfth day of September, December, March and June of each year. Albert O. Wichman died December 10, 1903. Premiums falling due prior to

September 12, 1903, were often not paid until five to fifteen days after they became due and were accepted and receipted for by the company.

The plaintiff testified that the agents of the defendant always called at her residence for the premiums and she always paid them herself and took the receipts; that she was visiting in the State of Indiana, in September, 1903, and did not know whether an agent of the company called during that month to collect the premium or not; that on November seventeenth, Richard P. Edington, agent of the company, called and she paid him the September premium for which he gave her the following provisional receipt:

"PROVISIONAL RECEIPT.

"I acknowledge to have received from the former insured under policy No. 201788C in the Metropolitan Life Insurance Co. $6.54, as a deposit. Said deposit to be applied to the payment of premium due on said policy September 12, 1893 [1903], for the non-payment of which at due date this policy was lapsed, provided that the Metropolitan Life Insurance Company at its home office approves the application for the restoration of said policy submitted this day. If so approved I agree to pay to the company the said money and deliver to the said former insured the regular home office receipt in exchange for this receipt; if not so approved I agree to return said deposit to the person making it. It is understood that no obligation under said policy is assumed until the application for restoration has been approved.

"R. F. EDINGTON."

Witness further stated that Edington returned on December first with a letter from the company, stating, in effect, that in order to reinstate the policy the December premium must be paid in advance; that she had never paid a premium in advance and at first protested against

making this payment before it was due, but finally stated to Edington that she would pay it and that she had the money in the house with which to make the payment; that in the course of the conversation she stated to him that her husband was sick with typhoid fever and that she might need the money; that as soon as Edington learned that her husband was sick he refused to receive the December premium and went away; that when she paid the September premium on November seventeenth, her husband was well and at work; that no offer to return the $6.54 paid on November seventeenth was ever made until after her husband's death.

Richard Edington testified that he was an agent of the company with authority to collect premiums and write new business; that after he made a written application to reinstate the policy, he was told to collect the quarterly premium to become due on December twelfth, and called on plaintiff for that purpose and told her the company wanted her to pay that premium before it would reinstate the policy; that she said she did not care to pay it in advance but that "maybe" she had better do so as her husband was very sick with typhoid fever, and asked him what he thought about it; that he told her it "seemed" he did not have authority to collect it; that the money he collected on November seventeenth he paid in at the company's local office, No. 3860 S. Broadway, St. Louis.

The following stipulations are made a part of the policy:

"If any statement in the application herein referred to is not true, or if any premium or installments of premiums be not paid when due, this policy shall be void, and all premiums paid shall be forfeited to the company, except as provided in paragraph first of benefits and privileges. . . .

"Should this policy become void, for non-payment of premiums, it may be revived within one year after non-

payment of premiums, upon payment of all arrears, with interest at six per cent and presentation of evidence satisfactory to the company that the insured is in good health."

The evidence is all one way that the policy became void on account of the non-payment of the premium due September 12, 1903, and there is no evidence showing or tending to show, that the company waived the forfeiture by subsequently accepting the payment for the overdue premium. The provisional receipt offered in evidence shows that the overdue premium was accepted by the agent on condition that the company would revive the policy according to the stipulation therein, to the effect, that a forfeited policy might be revived within one year on payment of all arrears with six per cent interest and presentation of satisfactory evidence to the company that the insured is in good health.

The application for reinstatement, signed by both plaintiff and the insured, was not offered in evidence, therefore, we are not informed of its contents. The company, however, made no objection to the form or substance of the application, nor any demand for evidence of the good health of the insured. Plaintiff testified that the deceased was in good health at the time he signed the application. From these facts, the reasonable inference is that the application itself contained satisfactory evidence that the deceased was in good health at the time the application was made; if so, then under the terms of the policy it was the duty of the company to reinstate the policy, and its demand, that the December premium should be paid in advance, was an attempt on its part to enforce a condition for reinstatement outside the stipulations of the policy. The company retained the past due premium, retained the application for reinstatement, without making any objection thereto, and the insured having done all that was required of him by the terms of the policy to entitle him to restoration, the policy

should be treated in equity as having been reinstated. The company could not hold on to the premium until after the death of the insured and then successfully defend on the sole ground that it had not issued to the deceased a formal receipt showing a reinstatement of the policy; it could not retain the benefits and at the same time deny the existence of the contract. [Andrus v. Ins. Assn., 168 Mo. l. c. 166, 67 S. W. 582; James v. Mutual Reserve Fund Life Assn., 148 Mo. 1, 49 S. W. 978; Suess v. Life Ins. Co., 86 Mo. App. 10; Wagaman v. Ins. Co., 110 Mo. App. 616, 85 S. W. 117.] We think, under the evidence, the plaintiff made out a case that should have been submitted to the jury, therefore, the judgment is reversed and the cause remanded. All concur.