CLARA M. MANNING, Respondent, v. CONNECTICUT FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, July 16, 1913.

1. **JUDGMENTS: Construction.** In ascertaining the true purport of a judgment and determining when matters are concluded thereby, all of its words should be considered.

2. **NONSUITS: Judgments: Res Adjudicata.** A judgment rendered by a Federal court, that plaintiff says he will no further prosecute this suit but voluntarily take a nonsuit, and it is therefore considered by the court that plaintiff take nothing by his suit and that defendant go hence without day and recover his costs and have execution therefor, was a judgment of nonsuit, and hence was not a bar to the prosecution of another suit on the same cause of action in the State courts.

3. ——: ——: ——. A judgment of nonsuit is a complete determination of that particular suit, but is not an adjudication of the merits of the controversy nor *res adjudicata* of the cause of action.

4. **INSURANCE: Authority of Local Agents: Waiver of Policy Conditions.** A local agent of an insurance company, authorized to represent the company in making contracts of insurance, signing policies and collecting premiums thereon, has authority to waive conditions in the policy, either in writing, by parol, or by conduct *in pais.*

5. FIRE INSURANCE: Authority of Local Agent: Waiver of Policy Conditions. The act of an agent of a fire insurance company, who possessed full authority to issue and countersign policies and collect premiums thereon, in accepting the premium on a policy after a loss, with knowledge that the property insured was incumbered by a deed of trust, was a waiver of a condition in the policy that it should be void in case insured's interest was incumbered, especially in view of the fact that the agent transmitted the premium to the company and the company retained it.

6. ———: ———: Notice to Company. Notice to an agent of a fire insurance company, who is authorized to issue and countersign policies and collect premiums thereof, of a breach in the condition of the policy, is notice to the company.

7. ———: Estoppel to Assert Breach of Policy Conditions. By retaining a premium paid by insured after a loss, a fire insurance company, which had notice by its agent of the breach of a condition of the policy against incumbrances, was estopped to assert such breach as a defense to an action on the policy for such loss.

8. INSURANCE: Estoppel to Rely on Defenses: Declaring Liability as Matter of Law: Instructions. Although waiver of a breach of a condition in a policy of insurance is a matter of intention, and generally a matter to be submitted to the jury, yet where, in an action on a policy, defendant insurance company has, by its conduct, estopped itself to assert the defenses set up, it is unnecessary to consider the instructions by which the issues were submitted to the jury, since defendant's liability may be declared as a matter of law.

9. EVIDENCE: Admissibility: Record in Prior Suit. The record in a prior suit between the same parties, and involving the same cause of action, is not admissible unless the judgment rendered in such suit was res adjudicata of the cause of action.

10. RES ADJUDICATA: Questions Concluded by Judgment: Fire Insurance: Evidence. In an action in a Federal court against an insurance company for a loss occurring under a fire insurance policy, although waiver of a breach of a policy condition was pleaded, no question of waiver of such breach or estoppel to rely thereon by the company was determined, but a judgment was rendered for plaintiff upon the theory that the condition breached was not material to the risk. The Federal Court of Appeals, in reversing the judgment, held that such provision was a valid one and that it pertained to a matter material to the risk. When the case again reached the nisi prius court, plaintiff took a voluntary nonsuit and subsequently

brought suit in a State court. *Held*, that the judgment of the Federal Court of Appeals was conclusive only as to the materiality of the condition, so that, in the action in the State court, where the case was tried on the theory that the company had waived the breach and was estopped to assert it, the record in the Federal case was immaterial and hence inadmissible in evidence.

11. **EVIDENCE: Certificate of Clerk of Court: Admissibility.** Where defendant set up as a counterclaim a bill of costs taxed against plaintiff in a previous action between the same parties in a Federal court, a certificate by the clerk of that court, reciting the amount due by plaintiff to the officers of the court and others for services rendered in such suit, was not admissible in evidence, although signed by the clerk and given under the seal of the court, since it did not purport to be a fee bill nor a copy of any record required by law to be kept.

Appeal from Jefferson Circuit Court.—*Hon. E. M. Dearing*, Judge.

AFFIRMED.

*Byrns & Bean, W. R. Gilbert* and *Barclay, Fauntleroy & Cullen* for appellant.

(1) The court erred in overruling the demurrers to the evidence. It is admitted that the policy was avoided by the mortgage and no facts are proven which show a waiver. Oehler v. Ins. Co., 159 Mo. App. 708; Francis v. Lodge, 150 Mo. App. 347. (2) An agent for writing insurance has no authority to adjust or in any way to represent the company after a loss. Hauser v. Ins. Co., 66 Mo. App. 30. An agent authorized to collect premiums, in advance, cannot by collection, after a forfeiture, waive the forfeiture. Bouton v. Ins. Co., 25 Conn. 542; State ex rel. v. Soc., 42 Mo. App. 485; Rogers v. Ins. Co., 155 Mo. App. 276; Sprague v. Ins. Co., 49 Mo. App. 423. Failure to tender back premium is not a waiver. Ky. Co. v. Ins. Co., 146 Fed. 695; Ins. Co. v. Rosenfeld, 95 Fed. 358. (3) The court erred in not sustaining the motion for judgment on the pleadings. The answer alleges, and the reply

admits, the bringing and the prosecution of the former suit, the identity of the cause, and the disposition thereof by a final judgment on the merits for the defendant. Lisle v. Rhea, 9 Mo. 172; Rogers v. Gosnell, 51 Mo. 466; Jones v. Hoppie, 9 Mo. 173; Francisco v. Railroad, 149 Fed. 354. (4) The court erred in excluding the certified bill of costs on which defendant has a valid counterclaim. It is not necessary that the judgment should fix the amount of the costs. The costs may be assessed generally, and when the items have been determined by the clerk, there is a valid judgment for this amount. Hazeltine v. Railroad, 39 Mo. App. 440; Cranor v. School Dist., 151 Mo. 119, 128; Kysar v. Growney, 114 Mo. App. 575; Crook v. Tull, 111 Mo. 291. The taxation is prima facie correct. Hazeltine v. Railroad, 39 Mo. App. 440; Tittmann v. Thornton, 53 Mo. App. 516. (5) The court erred in excluding the record of the proceedings in the Federal court and the copy of the opinion of the U. S. Court of Appeals. Manning v. Conn. F. I. Co., 160 Fed. 720; Hastings v. Hennessy, 70 Mo. App. 354; Board v. Bonebrake, 146 Ind. 313; Railroad v. Bridge Co., 215 Mo. 283; Bridge Co. v. Stone, 194 Mo. 175. And this cannot be avoided by a dismissal, and the recommencement in another court.

*Edward Robb* for respondent.

(1) The demurrers were properly overruled. Defendant's agent who issued, countersigned and delivered the policy, after he had knowledge of the incumbrance and of the fire and loss, collected the premium for the policy and remitted it to defendant, and defendant received the premium and has ever since retained it. This was a waiver of the forfeiture and defendant is estopped from setting it up as a defense. Rogers v. Insurance Co., 157 Mo. App. 671; Francis v. A. O. U. W., 150 Mo. App. 347; Rhodus v. Ins. Co.,

156 Mo. App. 281; Sage v. Finney, 116 Mo. App. 30; Richter v. Protective Assn., 131 Mo. App. 496; Leech v. Telegraphers, 130 Mo. App. 5; Edmonds v. Modern Woodmen, 125 Mo. App. 214; Roark v. Surety Co., 130 Mo. App. 401; Trust Co. v. Ins. Co., 79 Mo. App. 362; Barnard v. Ins. Co., 38 Mo. App. 106; Hamilton v. Ins. Co., 94 Mo. 308; Wagaman v. Ins. Co., 110 Mo. App. 616; Baile v. Ins. Co., 73 Mo. 371; Andrus v. Ins. Co., 168 Mo. 166; Pelkington v. Ins. Co., 55 Mo. 177; Hearch v. Ins. Co., 130 Mo. App. 457; Bushnell v. Ins. Co., 110 Mo. App. 223; Suess v. Ins. Co., 86 Mo. App. 10; Summers v. Mut. Assn., 84 Mo. App. 605; Ins. Co. v. Raddin, 120 U. S. 183; Ins. Co. v. Wolf, 95 U. S. 332; Ins. Co. v. McCain, 96 U. S. 84; Dutton v. Ins. Co., Fed Cases 4, 211; — Cyc. 798; Glenn Ins. Co. v. Michaels, 74 N. E. 964; Scarrit Estate v. Casualty Co., 166 Mo. App. 567; Bell v. Ins. Co., 166 Mo. App. 390. (2) The entry of the judgment of nonsuit is in the usual form; it was such as should have been entered when plaintiff took a voluntary nonsuit, and it was not a judgment on the merits and is no bar to another suit. Whittelsey's Missouri Practice, 409; 16 Am. & Eng. Ency. of Law (1 Ed.), 730; Taylor v. Larkin, 12 Mo. 103; Bell v. Hoogland, 15 Mo. 360; Wells v. Moore, 49 Mo. 229; Wiethaupt v. St. Louis, 158 Mo. 655; Choteau v. Rowse, 90 Mo. 191; State ex rel. v. Railroad, 149 Mo. 109; Lee v. Kaiser, 80 Mo. 431; Karnes v. Ins. Co., 53 Mo. App. 438; Zellar v. Ranson, 140 Mo. App. 220; Burns v. Marsh, 144 Mo. App. 412; Dean v. Railroad, 148 Mo. App. 428; Swing v. Furniture Co., 150 Mo. App. 582; Mason v. Railroad, 226 Mo. 212. (3) The court properly excluded the abstract of costs offered by defendant. 1 Greenlief Ev. (Redfield's Ed.), sec. 498.

NORTONI, J.—This is a suit on a policy of fire insurance. Plaintiff recovered and defendant prosecutes the appeal.

On January 5, 1906, defendant issued to plaintiff the policy in suit, in the amount of $3000, covering on a frame dwelling house situate in the village of Brewer in Perry county. A few days thereafter, on January 15, 1906, the building was totally destroyed by fire, and hence this suit on the policy. The policy contains a provision to the effect that, "If the interest of the assured be or become other than the entire unconditional, unincumbered and sole ownership of the property, . . . this policy shall be void, unless otherwise provided by agreement endorsed hereon." At the time the policy was issued, the property was encumbered by a certain deed of trust, on which something between four and five hundred dollars was due to one. Vessells, mortgagee. No endorsement was made on the policy touching this matter, and it seems the company refused to pay because of this fact.

Suit was instituted, first in the circuit court of Perry county, but thereafter removed, on the application of defendant, to the United States Circuit Court for the Eastern District of Missouri, where it was tried before a jury, and plaintiff prevailed. Defendant sued out a writ of error in the case and caused that judgment to be reviewed by the Circuit Court of Appeals of the Eighth Circuit. Upon such review, the latter court reversed and remanded the cause with an order to the United States Circuit Court to award a new trial. Thereafter, plaintiff appeared in the United States Circuit Court at St. Louis and entered a voluntary nonsuit. After having thus taken a nonsuit in the Federal court, plaintiff instituted the present suit on the policy in the circuit court of Perry county, but it was transferred to the circuit court of Jefferson county, through a change of venue, on defendant's application.

By way of defense to the action, the answer sets forth the proceedings theretofore had in the Federal court, and pleads the judgment of nonsuit entered

therein by plaintiff as conclusive between the parties—
that is to say, as if it reveals a final determination of
the rights of the parties.

It is argued here that, as that judgment recites,
"That said defendant go hence without day and re-
cover of said plaintiffs its costs and charges herein
expended and have execution therefor," the rights of
the parties are concluded thereby and that such judg-
ment is a final one in favor of defendant. Obviously
the argument is unsound, for the reason that it omits to
reckon with the preceding words of the judgment which
in plain terms state that plaintiff took a voluntary
nonsuit. All of the words of the judgment should be
considered together to the end of ascertaining its true
purport and determining what matters were concluded
thereby. The judgment of nonsuit so entered in the
Federal court is as follows:

"Now come plaintiffs by attorney and say they
will no further prosecute this suit but voluntarily take
a nonsuit.

"It is therefore considered by the court that the
plaintiffs take nothing by their suit in this behalf and
that said defendant go hence without day and recover
of said plaintiffs its costs and charges herein expended
and have execution therefor."

It should be said that both plaintiff and her hus-
band were parties plaintiff to the suit in the Federal
court and therefore the judgment employs the plural
number. Since that judgment, however, plaintiff's
husband assigned his interest in the policy to his wife,
and the suit now proceeds in her name—that is, Clara
M. Manning alone. The judgment above copied re-
veals a clear intention on the part of plaintiffs to vol-
untarily nonsuit their action, and the general words in
the judgment which follows imply no more than such
judgment concludes that particular suit and not the
merits of the action, for, indeed, the merits were not
then considered. Our Supreme Court has said that a

judgment of nonsuit is a complete determination of the particular suit, but not an adjudication of the merits of the controversy—that is, the cause of action between the parties. [Wiethaupt v. City of St. Louis, 158 Mo. 655, 59 S. W. 960.] Moreover it is said, too, that a judgment of nonsuit is not a final judgment upon the merits, nor *res adjudicata* of the cause of action, for the reason the court has no authority to render such a judgment after the nonsuit is entered, which, in legal effect, is but a dismissal of the cause of action. [See Mason v. Kansas City Belt R. Co., 226 Mo. 212, 125 S. W. 1128.] While the particular suit in which the nonsuit is taken is completely terminated and disposed of, it is certain that the cause of action is not merged in such a judgment as if a verdict and judgment thereon are given. On the contrary, where a voluntary nonsuit is taken, the cause of action survives and may be further prosecuted. [See State ex rel. v. Mo. Pac. R. Co., 149 Mo. 104, 109, 110, 50 S. W. 278.]

But defendant relies upon the case of Francisco v. Chicago & A. R. Co., 149 Fed. 354, in which it is said a judgment identical with that involved here was declared by the United States Circuit Court of Appeals to be final in character and conclusive of all of the issues involved in the case. Though we have thoughtfully considered that case, we have been unable to discern such to be the result of the judgment there given. It does not appear, from the report of the case, the form of the judgment entered there, but it is said in the opinion to have been denominated by plaintiff as a judgment of involuntary nonsuit. The court treated and considered it as such, and gave judgment to the effect that no review was allowable under the Federal practice on writ of error from a mere judgment of nonsuit, whether voluntary or involuntary, and, indeed puts the judgment on the ground that plaintiffs may institute a new suit thereafter on the same cause of

action. However, in speaking of the judgment then under review, in the concluding words of that opinion, the court says, "But the form of the judgment is such that a claim may be made that it was a judgment on the merits. For this reason alone the judgment will be reversed, the defendant in error will recover its costs in this court, and the case will be remanded to the circuit court, with directions to render a judgment that the action be dismissed without prejudice to the right of the plaintiff to maintain another for the same cause, and that the defendant recover its costs of the plaintiff, and it is so ordered."

While it may be that the court was of opinion there that the language employed in a judgment of nonsuit should modify the meaning of the words of seeming finality by employing the words therein "without prejudice" to plaintiffs, we do not regard that judgment as conclusive here, for the very good reason that the identical judgment of nonsuit now under review has been declared such by the same court. It appears that, in this identical case, defendant prosecuted a writ of error to the United States Circuit Court of Appeals from this identical judgment of nonsuit entered by plaintiff in the United States Circuit Court at St. Louis. On that review, the case of Francisco v. Chicago & A. R. Co., supra, relied upon by plaintiff, was substantially overruled. In concluding its opinion, the court said, "As the case had not been finally submitted to the court or jury, plaintiffs were entitled to take a nonsuit, and the judgment is affirmed." [See Connecticut Fire Ins. Co. v. Manning, 177 Fed. 893, 895.] It is obvious that court regarded the judgment now under review as one of nonsuit merely, for it so treated it throughout. There is no merit in the argument that the judgment above set out and entered in the Federal court is conclusive between the parties as one on the merits, for though it omits to employ the words "without prejudice," it

states in explicit terms that the plaintiff took a voluntary nonsuit and this alone is the subject-matter to which the other words apply.

Touching the merits of the case, it is to be said that, though the policy was issued on January 5, 1906, the premium of forty-five dollars was not paid by plaintiffs until March 5 thereafter. The answer sets forth the condition of the policy above stated to the effect that, ''If the interest of the assured be or become other than the entire unconditional, unencumbered and sole ownership of the property, . . . this policy shall be void, unless otherwise provided by agreement endorsed hereon.'' Because the title of the assured was encumbered at the time the policy was issued by a deed of trust in favor of Vessells, on which something over four hundred dollars was then due, it is urged plaintiff is not entitled to recover. It is conceded that the deed of trust mentioned was then outstanding on the property; that defendant's agent had no. knowledge of it at the time the policy was issued, and that no endorsement or agreement touching the matter was indorsed on the policy, as contemplated in the provision of the policy above quoted. But the evidence is conclusive that defendant's agent became fully apprised of the facts concerning this matter on the day following the fire. The fire occurred on January 15, and on that day or the day following, defendant's agent was fully informed of this mortgage on the property. That such is the fact is conceded in the case, for defendant's agent who issued the policy testified fully concerning it. Notwithstanding the fact that he possessed full knowledge of the mortgage, the agent accepted the full premium of forty-five dollars from plaintiff on March 5 thereafter and transmitted it to the company along with other remittances covering his January account as its agent. It appears the agent, Brown, possessed full authority to issue and countersign policies and collect premiums therefor on the part of defendant. Such

being true, he possessed the authority of the company thereabout. It has been frequently declared by our Supreme Court that where a local agent of an insurance company has authority to represent the company in making contracts of insurance, in collecting the premiums and in signing its policies, he also has the authority to waive conditions in the policy, either in writing, by parol or by conduct *in pais.* [See Nickell v. Phoenix Ins. Co., 144 Mo. 420, 46 S. W. 435; Springfield Steam Laundry Co. v. Traders' Ins. Co., 151 Mo. 90, 52 S. W. 238; Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S. W. 889; Parsons v. Knoxville Fire Ins. Co., 132 Mo. 583, 31 S. W. 117, 34 S. W. 476.] Therefore, it appearing, as it does, that Brown, the agent, collected the premium on the policy and remitted it to the company with full knowledge of the breach of the condition concerning encumbrances therein, such provision of the policy must be regarded as waived by the insurer. [Rogers v. Connecticut Fire Ins. Co., 157 Mo. App. 671, 139 S. W. 265; Francis v. A. O. U. W., 150 Mo. App. 347, 130 S. W. 500.] Especially is this true, in view of the fact that the agent transmitted the premium of forty-five dollars less his commission to the company, and the company retained it and continues to do so, as it has to the present time. [Rogers v. Connecticut Fire Ins. Co., 157 Mo. App. 671, 139 S. W. 265; Rhodus v. Kansas City Life Ins. Co., 156 Mo. App. 281, 137 S. W. 907; Francis v. A. O. U. W., 150 Mo. App. 347, 130 S. W. 500; Reed v. Bankers' Union, 121 Mo. App. 419, 99 S. W. 55; Phoenix Ins. Co. v. Raddin, 120 U. S. 183; Andrus v. Fidelity, etc., Co., 168 Mo. 151, 67 S. W. 582.]

But it is said, though the defendant company received and retained the premium, it was not advised of all the facts concerning the matter at the time. Obviously this cannot be true, for it is conceded its agent, Brown, who possessed full authority thereabout knew all of the facts concerning the breach at the time the

premium was paid. The knowledge of such an agent is always attributed to the company in such cases, under the rule of decision which obtains here, and the company may not say that it was unadvised. [Rosencrans v. North Am. Ins. Co., 66 Mo. App. 352; Breckinridge v. Am. Central Ins. Co., 87 Mo. 62; Franklin v. Atlantic F. Ins. Co., 42 Mo. 456; Wagaman v. Security Mut. Ins. Co., 110 Mo. App. 616, 85 S. W. 117.]

It thus conclusively appears from the evidence of defendant's agent that the breach of the condition of the policy relied upon in defense was waived through his acts and conduct in collecting the premium and remitting it to the company after having been fully advised concerning the facts. Moreover, the company, having received and retained the premium with full knowledge on the part of Brown, its agent, which is imputable to it, the principle of estoppel intervenes and precludes it from asserting the condition so waived. Andrus v. Fidelity, etc., Co., 168 Mo. 151, 165, 67 S. W. 582; Rogers v. Connecticut Ins. Co., 157 Mo. App. 671-679, 139 S. W. 265; Bacon (3 Ed.), sec. 431.] Therefore, though it be that waiver is a matter of intention, as said in Francis v. A. O. U. W., supra, and, as a rule, to be found by the jury, the estoppel so revealed alone precludes the defense relied upon. This being true, it will be unnecessary to consider the instructions by which the issue was submitted to the jury, for defendant's liability on the policy may be declared as a matter of law.

But it is argued the judgment should be reversed for the reason the court refused to permit the introduction in evidence of the record in the prior case in the Federal court between the same parties. Obviously such record was immaterial to the issue here, unless the judgment in the prior case was conclusive, and we have determined that it was not. But it is said it appears from the opinion of the Circuit Court of Appeals

that that court declared the condition of the policy
above disclosed to be a valid defense as a matter of law.
Such is entirely true with respect to the case there
made. In that case no question of waiver pertaining
to this condition of the policy was involved, nor was
that of estoppel, but, on the contrary, the issue was
tried in the circuit court of the United States as though
the materiality of the condition was a question of fact
for the jury. The jury found, under instructions in
the case, that though the condition of the policy was
breached by the outstanding deed of trust in favor of
Vessells, the encumbrance was not material to the risk.
On this question, the Circuit Court of Appeals de-
clared the contrary and determined the matter of its
materiality to be one of law and not of fact. In this
view, the judgment was reversed and the cause re-
manded, but not a word is to be found in that opinion
with respect to the waiver of the condition in the policy
involved in the conduct of the agent accepting the pre-
mium and remitting it to the company with full knowl-
edge of the facts. Neither was the estoppel in judgment
there. [See Connecticut Fire Ins. Co. v. Manning, 160
Fed. 382.] Though it be that the issue pertaining to
the waiver was made in the pleadings in the prior
case, it is certain that question was not concluded, for,
indeed, the judgment of nonsuit remitted all matters
not determined by the Circuit Court of Appeals in the
judgment above cited as though no prior suit was had
between the parties. That judgment concluded noth-
ing more than that the provision of the policy is a valid
one and that it pertains to a matter in law material to
the risk.

By another count of its answer the defendant set
up, by way of counterclaim, a bill of costs, which, it is
said, had accrued against plaintiff in the prior case in
the Federal court and which had been adjudged there-
by in favor of defendant. Under this count of the
answer defendant offered a certificate of the clerk of

the United States Circuit Court, reciting $501.31 "to be due the officers of the court and persons, as above stated, for services rendered in the suit therein mentioned, as appears from the returns and taxation filed with the papers and records in my office, and which fees and costs are due by the plaintiffs in said suit." This certificate was signed by the clerk of the court, with the seal thereof attached. The court refused to receive this in evidence and it is argued such was error, but we are not so persuaded. This certificate does not purport to be a fee-bill nor a copy of any record required to be kept by law. It is merely a recital of facts over the hand of the clerk and attested by his seal of office. Obviously such paper is not competent to be received in evidence under the counterclaim. Prof. Greenleaf says, "In regard to certificates given by persons in official station, the general rule is, that the law never allows a certificate of a mere matter of fact, not coupled with any matter of law, to be admitted as evidence. If the person was bound to record the fact, then the proper evidence is a copy of the record, duly authenticated. But as to matters which he was not bound to record, his certificate, being extra-official, is merely the statement of a private person, and will therefore be rejected." [See 1 Greenleaf, Evidence (Redfield Ed.), sec. 498.] This certificate, containing a mere recital of facts under the hand and seal of the clerk, was properly rejected, for the reason it did not purport to be a copy of any record required by law to be kept by the clerk.

We see no reversible error in the record and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.